No. 2548.

## LANG & WEINBERGER *v.* A. RICKMERS AND WIFE.

1. CONTRACT OF SALE.—When a contract for the sale of goods is that the goods sold shall be paid for with cash or notes executed by the vendee or a third person, the sale is on condition that the payment be made, and, until this is done, the title to the goods remains in the vendor, notwithstanding they may have come into the possession of the vendee, unless it appears that they were delivered to the purchaser with intent to waive the condition of payment. See opinion for facts illustrating the rule, and under which a disaffirmance of a conditional sale by a failing debtor and a subsequent sale of the goods to his wife in payment of a pre-existing debt was as against the creditors of the husband, sustained.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

*W. B. Denson* and *Wheeler & Rhodes*, for appellant: In the sale made by A. Rickmers to A. & H. Kleinecke he transferred and delivered the property to them, and said property and the ownership thereof passed to the Kleineckes by said sale and delivery, and no act of Rickmers thereafter could reinvest the property in himself so as to enable him to make a valid sale to his wife. (Cleveland v. Williams, 29 Texas, 208; 2 White & Willson's Civil Cases, sec. 501; Parsons on Contracts, 526; Benjamin on Sales, sections 764, 765.)

Where vendor and vendee agree upon a sale and price of personal property, and vendor delivers the property to vendee, who takes possession of it without a condition of defeasance, the title to the property passes to the vendee. (Wells v. Littlefield, 59 Texas, 560; Guy v. Hardeman, 31 Texas, 250; Woods v. Half, 44 Texas, 633; 2 White & Willson's Civil Cases, 78.)

Where a vendee fails to give notes for personal property, which has been sold on credit for an agreed price and delivered to vendee, the vendor can not rescind the sale at will and resell, but must bring his action for the debt or goods. (Benjamin on Sales, 764, 766; Martindale v. Smith, 12 B., 395.)

*Burnett & Hanscom,* for appellees.

Stayton, Associate Justice.    A. Rickmers was indebted to his wife in the sum of two thousand four hundred dollars. As to this there is no controversy. On December 31, 1886, he made a contract to sell to A. & H. Kleinecke a stock of goods he then owned, for which they were to execute notes to Mrs. Rickmers —one for six hundred dollars, payable February 1, 1887, and the other for the balance, payable January 1, 1888. The goods were to be sold at seventy-five per cent of their original cost. The purpose in having the notes executed to Mrs. Rickmers was to secure and pay to her a part of the sum due from her husband. In order to ascertain the sum to be paid for the goods, it became necessary to make an inventory of the stock, which was commenced on the night of December 31, 1886. The inventory was made by A. Kleinecke, James Bauer and Harry Alexander, the latter and Kleinecke each keeping separate lists.

On January 2, 1887, they finished pricing the goods, and it was then agreed that these persons should take the separate inventories to their homes and finish them by the next morning. When they met on the next morning their footings showed a difference. January 3 was a busy day with Kleinecke, and the appraisers concluded not to complete it on that day, but to go over it again with a view to reconcile the differences. On January 4 Mrs. Rickmers went to the store and demanded the notes, which Kleinecke excused himself from giving, on the ground that the footings of the inventories had not been made to agree.

After this, on the same day, the attorney for Mrs. Rickmers called on the Kleineckes for the purpose of getting a settlement, and they again urged as a reason for not giving the notes that the inventory had not been agreed upon. The attorney then ascertained what the difference between the two lists was, and, having asertained this, proposed to settle by the list which aggregated the smallest sum. A. Kleinecke then remarked that he intended to see that the creditors of Rickmers got their money. He was then asked for the notes, and said that he would have to see about them, and that he wanted to see his attorneys, and that this he would not do on that day but would on the next. He was then informed, if the notes were not given on that day, the trade would be considered at an end.

The attorney seems to have been acting for Rickmers as well as his wife. Rickmers had formerly made efforts to have the matter closed, and in this was persistent. The notes were not given on that day, and Rickmers then conveyed the stock to his wife; but after this the Kleineckes proposed to execute new negotiable notes, secured as it had been agreed the notes to be given should be.

These notes were never executed and tendered; but, had they been, would have been refused on January 5. A. Kleinecke had been in the store as an employe of Rickmers, and was so at the time the agreement to sell was made. He was given the key to the store by Rickmers, and commenced selling from it on January 1.

This action was brought by Mrs. Rickmers against A. & H. Kleinecke to recover the value of the goods, and creditors of A. Rickmers having sued out and caused to be served writs of garnishment, intervened in the cause after having obtained judgments against Rickmers. There was a judgment in favor of Mrs. Rickmers against A. & H. Kleinecke for one thousand eight hundred and sixty-six dollars and ninety-nine cents, and that the intervenors take nothing, and from that judgment the intervenors appeal.

There can be no controversy as to the material terms of the contract of sale made between Rickmers and A. & H. Kleinecke. The agreement was that the one would sell at a given price, to be ascertained by an inventory, the basis for the appraisement being fixed by the contract, and that the others should pay for the goods with notes to be delivered when the aggregate price for the goods was ascertained. This must be deemed to have been done when Rickmers and wife agreed to accept the lowest estimate shown by the inventories, and thereby to settle.

When the contract of sale is that the goods sold shall be paid for with cash, or notes executed by the vendee or a third person, the sale is on condition that the payment be made, and until this is done the title to the goods remains in the vendor, notwithstanding they may have come into the possession of the vendee, unless it appears that they were delivered to the purchaser with intent to waive the condition of payment. (Whitney v. Eaton, 15 Gray, 225; Farlow v. Ellis, Id., 231; Niescham v. Canney, 98 Mass., 150; Adams v. O'Conner, 100 Mass., 518; Armour v. Rucker, 123 Mass., 143; Solomon v. Hath-

away, 126 Mass., 484; Russell v. Miner, 22 Wend., 659; Osborn v. Gantz, 60 N. Y., 541; Stone v. Perry, 60 Maine, 49; Seed v. Lord, 66 Maine, 580; Paul v. Reed, 52 N. H., 138; Railroad v. Phillips, 60 Ill., 193; Deelgar v. Allen, 90 Ill., 499; Summers v. Mills, 21 Texas, 86.)

Whether a delivery is made with intent to waive the condition of payment is a question of fact, and that having been submitted to the jury and found in favor of Mrs. Rickmers, upon evidence that justified the finding, this is conclusive of the question. The court in effect instructed the jury that if no particular time was specified within which the notes were to be delivered to Mrs. Rickmers, then the Kleineckes were entitled to a reasonable time to deliver them, and thus left the inference that title to the property might pass without the delivery of the notes, or that the right of Rickmers to sell to his wife or any other person than the Kleineckes would be suspended for a reasonable time.

This charge was certainly as favorable as the Kleineckes or creditors of Rickmers could ask under the facts, and the jury having found that the notes were not delivered or tendered within a reasonable time, their finding is conclusive of the question, and it is unnecessary to consider whether the facts justified or called for a charge on that subject. Title to the property did not pass to the Kleineckes, and, under the facts, we are of the opinion that Rickmers had the right in good faith to sell it to his wife in part payment of the debt due to her, and that by the sale so made she became entitled to recover the property or its value from the Kleineckes, and that they never became liable to the creditors of Rickmers by reason of the facts existing. What their liabilites may be under the proceedings in garnishment is not involved in this case. If liable then their liabilities arise from their own conduct, and not because they were indebted to Rickmers at the time the writs were served on them. It is unnecessary to inquire whether under the facts Mrs. Rickmers would not have been entitled to the purchase money of the goods had the title passed to the Kleineckes as against other creditors of her husband, or whether other than negotiable notes secured as by the agreement provided, if delivered or tendered in proper time, would have been a compliance with the contract.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered February 10, 1888.