### BANNER v. THOMAS.

(Court of Civil Appeals of Texas. Dallas. June 7, 1913. Rehearing Denied June 28, 1913.)

1. CONTINUANCE (§ 51*)—SURPRISE.

Surprise as a ground for further continuance cannot be claimed because the special setting of the case, agreed on when the case was first continued, was not known of by associate counsel, called into the case after such setting, till five days before the day for which it was so specially set.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 69, 79, 85, 87, 88, 118, 128, 130, 132, 135, 141, 147; Dec. Dig. § 51.*]

2. APPEAL AND ERROR (§ 1043*) — HARMLESS ERROR—REFUSAL OF CONTINUANCE — PREPARATION OF CASE.

Refusal of continuance asked for by associate counsel because they were not "fully informed" and the leading counsel were otherwise engaged, cannot be complained of; the pleading and record indicating not only a well-prepared case, but a thorough understanding of the issues by counsel.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115-4121; Dec. Dig. § 1043.*]

3. CONTINUANCE (§ 26*)—DILIGENCE.

Refusal of continuance to enable defendant to secure experts to examine the fixtures, asked for six months after commencement of the action, is warranted on the ground of lack of diligence; the litigation primarily involving the

question of plaintiff's compliance with his contract to make and install the fixtures, and defendant having been in exclusive possession thereof.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

4. CONTRACTS (§ 322*)—PERFORMANCE — EVIDENCE.

As a circumstance to be considered with others on the issue of defectiveness of the work on fixtures, manufactured and installed by plaintiff for defendant, plaintiff may show that while they were being installed, under defendant's constant observation, he made no complaint with respect to them.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1801; Dec. Dig. § 322.*]

5. APPEAL AND ERROR (§ 1060*) — HARMLESS ERROR—MISCONDUCT OF COUNSEL.

Reversal will not be granted because of misconduct of counsel, unless it appears the verdict is against the weight of the evidence or excessive, especially where the court admonished the jury not to consider such misconduct, and the complaining party made no request for a charge that the jury should not consider the matter.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

6. APPEAL AND ERROR (§ 1048*) — HARMLESS ERROR.

Complaint may not be made of cross-examination; all the facts sought to be elicited thereby, save one which was excluded, having been testified to by the witness on direct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

7. PLEADING (§ 36*)—EFFECT OF ALLEGATIONS IN PLEADING.

Plaintiff, who manufactured and installed fixtures for defendant, which defendant refused to accept and pay for as agreed, seeking to recover the fixtures and damages, and so obliged to allege and prove that he had substantially complied with his contract, could in aid of such obligation take the position in his pleading that defendant by remaining in possession of the fixtures was estopped to assert that they were not in substantial compliance with the contract, without this being used against him as an assertion of acceptance by defendant, limiting his remedy to a recovery of the contract price.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

8. TRIAL (§ 251*)—INSTRUCTIONS—ISSUES.

Where in an action, aided by sequestration, to recover property and damages, defendant replevied the property, but at the trial admitted the title was in plaintiff and abandoned claim thereto, the bare legal right of defendant to replevy was not an issue, so as to entitle him to an instruction thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Lawrence Thomas against Ben Banner. Judgment for plaintiff. Defendant appeals. Affirmed.

Carden, Starling, Carden & Hemphill and Geo. O. Wallace, all of Dallas, for appellant. Spence, Knight, Baker & Harris, of Dallas, for appellee.

RASBURY, J. The suit out of which this appeal originates was instituted in the lower court by Lawrence Thomas, the appellee, against Ben Banner, the appellant. The suit, aided by the writ of sequestration, was to recover the title and possession of certain store fixtures and furniture manufactured for and installed in appellant's store in the city of Dallas by appellee under contract, whereby appellant agreed to pay therefor $3,100, payable $1,000 when the fixtures were completed and set up in appellant's store, the balance in four installments of $525 each, due in 2, 4, 6, and 8 months from completion of the fixtures, and which, upon completion, it was alleged appellant declined to accept and pay for according to his contract. It was also alleged that the fixtures, etc., were intrinsically worth the contract price, but that nevertheless and because constructed for the peculiar uses and purposes of appellant, their market value after removal from appellant's store was only $1,000. Judgment was accordingly asked for title and possession of the fixtures and damages in the sum of $2,272.35, being the difference between the contract price and the market value thereof. Judgment was also sought for the further sum of $161.65, the value of certain other work and material furnished appellant. As indicated, appellee applied for and secured a writ of sequestration under authority of which the sheriff of Dallas county took possession of the fixtures. Appellant replevied same and retained possession thereof pending the determination of the suit.

Appellant, by his answer, admitted the title to the fixtures to be in appellee, but alleged that he was in possession of same by reason of the incompleted contract of appellee, by which he was to install same, and that he had refused to accept and pay for them because they were so defectively constructed as not to be in substantial compliance with the contract, and particularly alleged that appellee agreed to complete and install the fixtures October 1, 1911, but in fact did not complete same until October 24, 1911, by reason of which delay appellant was damaged in the loss of business and various other items aggregating $2,915, an enumeration of which is unnecessary in reviewing the issues involved in this appeal, and all of which were eliminated except an item of $365 for one month's rent, which appellant alleged he lost because of appellee's delay in installing the fixtures. Appellant specially denied the value of the fixtures as alleged by appellee and set their value at $500. Also that he used same after installation to save both himself and appellee damage.

Upon trial there was verdict for appellee for the title and possession of the fixtures, and the value of which was placed by the jury at $1,094.18, and for damages and interest in the sum of $2,233.11. The verdict was against appellant on his claim for the item of $365 rental. Judgment was in ac-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

cordance with the verdict. Any reference to the testimony or any conclusions of fact necessary to the determination of the case will be made in disposing of each issue raised by the assignments of error.

[1-3] The first assignment of error challenges the action of the court below in refusing to continue or postpone the trial of the case. The application for a continuance or postponement of the suit recites that the law firm of Lively, Nelms & Adams was employed by appellant at the institution of the suit on November 22, 1911. Thereafter, appellant, on May 1, 1912, associated with them the law firm of Carden, Starling, Carden & Hemphill; the first-named firm, however, remaining leading counsel in the case. Prior to the employment of the last-named firm, and on April 15, 1912, the case was called for trial and continued upon application of appellant. At that time it was agreed, and the court made notation upon his docket, that the case should be assigned for trial on May 20, 1912. Subsequent to the setting of the case the trial court's jury cases were all regularly assigned, which included the instant case, which was set for trial June 12, 1912. The case was included in the regular assignment through inadvertence on the part of the clerk. No authority for changing the special setting was authorized by either the court or appellee. On May 9, 1912, and prior to the call of the case, but subsequent to the employment of the firm of Carden, Starling, Carden & Hemphill, Mr. Geo. O. Wallace, a member of that firm, represented appellant in securing the deposition of appellee. Upon call of the case on May 20th, in accordance with the agreed setting, Lively, Nelms & Adams were engaged in the criminal district court of Dallas county in the trial of a "murder case," and it was not possible for them to be present upon trial of the instant case. Upon the related facts appellant claimed he was entitled to a continuance of the case, or postponement thereof to the regular assignment of June 12, 1912, for the reason that Lively, Nelms & Adams were familiar with the case, while the firm of Carden, Starling, Carden & Hemphill, because of their recent employment, was not fully informed as to the facts and defenses in the case, and for the further reason that they were not informed of the special setting of the case, in fact only knew it on May 15th, and had relied upon the case being called June 12, 1912, and while strenuously endeavoring to be ready for the special setting were not in fact prepared. An additional reason was that they desired further time in which to procure expert cabinet makers to examine the fixtures in order that the condition of the same might be accurately described to the jury. Our view of the complaint here maintained is that it involves, at most, matters within the discretion of the trial judge, and that the record fails to show any abuse of that discretion. Mayer, Kahn &

Freiberg v. Duke, 72 Tex. 445, 10 S. W. 565. It appears that the case was continued April 15, 1912, upon the express agreement that it would be assigned for trial upon the day it was tried, and that any other setting was unauthorized, and this was within the knowledge of both appellant and his leading counsel, and it can hardly be said to have surprised them. As relates to the unpreparedness of associate counsel, Messrs. Carden, Starling, Carden & Hemphill, who were compelled to try the case because of the unavoidable absence of leading counsel, it is not shown that any material injury was sustained by appellant because of such unpreparedness, or that appellant was any the less ably represented. It is true that the application does recite that they were not "fully informed" with reference to the facts and defenses in the case, but the pleading and the record indicate not only a well-prepared case, but a thorough understanding of the issues by counsel for appellant. Watkins v. Atwell, 45 S. W. 404. That portion of the application which seeks further delay that experts may be secured to examine the fixtures in order that they might testify as to the condition of same furnishes neither legal nor equitable basis for the motion. Aside from the testimony, which was in fact adduced in reference to condition and quality of the fixtures, an entire lack of diligence in that behalf is shown by the application, since appellant had approximately six months in which to secure such expert testimony. The litigation primarily involved the issue of whether appellee had complied with his contract, and hence expert testimony was essential to a trial of the case, and in view of the fact that appellant had been in exclusive possession of the fixtures, and that experts were presumably easily procurable, the application was not sufficiently meritorious.

[4] The second and third assignments of error complain of the action of the court in permitting appellee and his witness George P. Cook to testify that appellant made no complaint with respect to the fixtures while being installed in appellant's storehouse. Appellant asserts that since the contract between the parties did not require his approval or disapproval of the work as it progressed, and since it was the duty of appellee to install the work according to contract without reference to his attitude about the matter, the admission of the testimony was highly prejudicial. We think the admission of the testimony was proper. Appellee asked these questions in the process of proving his compliance with his contract, and it occurs to us that the answers elicited were both pertinent and material. The fixtures were being placed in the storehouse of appellant under his constant observation, and whether it was his duty to approve the work or not it would have been but a natural thing for him to object to any inferior work placed therein if he

knew it, and whether he knew it or not the fact that he made no objection was a circumstance, not conclusively against the issue that the work was defective, but one to be considered by the jury for what it was worth along with all other facts and circumstances admitted in testimony. Carter & Donaldson v. Childress, 99 S. W. 714.

[5] The fourth assignment of error complains of the misconduct of Rhodes S. Baker, of counsel for appellee. Before concluding the testimony in rebuttal by appellee, counsel, after tendering in evidence certain matters of record, stated in open court in the hearing of the jury: "We also desire to make formal tender in open court to the defendants of all this property, conditioned that they pay us contract price for it." No response to this offer was made by appellant. Whereupon same counsel, pursuing the subject, said: "We also tender to them the property for the contract price, offering to submit to the jury the question as to whether there should be any reduction on account of the alleged noncompliance with the fulfillment of the contract." Exception to the last tender was taken by appellant, who moved the court to instruct the jury not to consider same. Thereupon the court said: "The jury, of course, will not be affected by anything said except the evidence and the law as given in charge in deciding the case; they have sworn to decide this case according to the law and evidence and, of course, they will do so." The bill of exceptions taken at the time discloses no more than we have just detailed. It does not complain that the court's method in admonishing the jury that they should not be affected by anything other than the evidence given upon trial of the case was ineffective for that purpose, or that further exception was taken on that account. Nor does it appear that appellant requested a special charge to the jury that they should not consider same. In fact, counsel appears to have abandoned the matter after the court's remarks. Upon the related facts, then, the question arises, Was the offer made by counsel in fact misconduct, and if so, was it calculated, after the court had admonished the jury as stated, and appellant had failed to pursue the matter further by requesting an instruction to the jury, to bias and prejudice the jury against appellant? Waiving the question of whether counsel was in fact guilty of misconduct, the general rule in reference to misconduct of counsel is that the case will not be reversed, because of misconduct, unless it appears that the verdict is against the weight of the evidence or excessive. Particularly is this true where the court has admonished the jury not to consider such misconduct of counsel and the complaining party rests his case at that point, and requests no charge from the court on the subject. The verdict in this case is one supported by the testimony, and we are unable to say that a different result might

have been reached but for counsel's statement. Neither the issues in the case nor counsel's remarks were of the kind calculated to arouse prejudice in the minds of the jury, and we accordingly overrule the assignment.

[6] The fifth assignment of error complains of the action of the court in permitting counsel for appellee on cross-examination to ask appellant's witness Shafarman certain questions tending to show bad faith on appellant's part in replevying the fixtures. The substance of the testimony sought to be elicited was that after appellee claimed he had finished the fixtures according to contract and failed to get a settlement with appellant, and after he had sequestrated same, that then appellant, notwithstanding he claimed no title in the fixtures, had replevied same, and had had the use thereof from the time he replevied them until the suit was tried. Because of objections by appellant the appellee fell short of proving by this witness that appellant's motive in replevying the fixtures was that indicated by the questions. But if, as a matter of fact, the purpose of the examination was to show bad faith on the part of appellee in refusing to accept the fixtures it occurs to us that the testimony was admissible. The issue was whether the fixtures had been completed in accordance with the contract, and the act of the appellant in retaining the same in the face of his contention that they were not in accordance with the agreement, was either the result of bad faith or due to the very reason assigned by him in his pleading, to wit, the desire to avoid damage to both himself and appellee. Further, it may be said, aside from the latitude permitted upon cross-examination, that all the facts sought to be elicited by the cross-examination had been testified to by the witness on the direct examination, save the point as to appellant's motive in replevying, and that question was excluded by the court.

The sixth assignment of error, in effect, complains of the action of the court in submitting to the jury for its determination whether or not the alleged delay in installing the fixtures caused any damage to the appellant; the claim being that it was undisputed that there was a delay of a month, and that the court should have instructed the jury to return a verdict for appellant for one month's rent, the amount of damage claimed. The contract for building in the fixtures set a day for completing same provided appellee was not delayed by causes beyond his control. Appellant alleged a delay of one month, and that same was due to the fault of appellee, and sought to recover as damages one month's rental covering the period of delay, while appellee ascribed the delay to the failure of appellant, among other things, to have the building ready for him. There was testimony supporting both allegations, which we do not consider it necessary to quote, sufficient to take the issue to the jury. There-

is no complaint of the charge of the court on any ground other than that the evidence was insufficient to authorize the submission of the issue at all. That disputed matters of fact are to be solved by the jury is too well settled to require discussion or the citation of authorities, and, as we have said, there was testimony sufficient to take the issue to the jury and, that being true, it becomes our duty to overrule the sixth assignment of error.

[7] By his seventh and ninth assignments of error appellant complains of the refusal of the court to give his special instructions one and two, which were, in substance, a direction to the jury to find against appellee on his claim for damages. These requests were based upon the fact that appellee in his pleading took the position that appellant by remaining in possession of the fixtures was estopped as matter of law from asserting that they were not in substantial compliance with the contract, and that appellee having thus urged an acceptance in law was bound thereby, and could not recover the property and his damages, as sought by his suit, but could only recover the contract price of the fixtures. We do not understand that the allegation just recited can be made to subserve the purpose attempted. It was necessary for the appellee to allege and prove in the court below, in making out a prima facie case, that he had at least substantially complied with his contract in installing the fixtures. In doing so he had the right to assert against appellant, any fact or legal principle the result of appellant's conduct or attitude, which would establish such compliance. To do this in no respect curtailed his right to recover in the manner he did. The claim of estoppel affected the question of a compliance with the contract by appellee, and could not be used for the purpose of destroying appellee's remedy if in fact he had complied with his contract. That appellee had the right to proceed as he did is too well settled for controversy. Lang v. Rickmers, 70 Tex. 110, 7 S. W. 527; Victor Safe Co. v. Texas State Trust Co., 101 Tex. 94, 104 S. W. 1040.

[8] By his tenth assignment of error appellant complains of the court's refusal to instruct the jury that he had the right to execute the replevy bond he did execute and retain by virtue thereof possession of said fixtures, and that his action in so doing could not be considered as either acceptance or approval of said fixtures. Appellant's right to replevy the fixtures was not and could not properly have been an issue upon trial. The right of a defendant to replevy in sequestration is statutory, and the disposition of the property and the rights and liabilities of the parties are automatically adjusted by statute upon the determination of the suit, and to have given the charge as respects the right to replevy would have been to do an unneces-

sary thing. On any other theory of the case the charge would have been upon the weight of the testimony, since, under the charge as requested, the jury would not have been entitled to consider the good faith of the possession of appellant after appellee's demand for settlement under his contract. Further, as the pleading and issues stood at trial, appellant having admitted the title of the fixtures to be in appellee, and having abandoned any claim to the title thereto which he in fact asserted when he replevied the fixtures, all questions were eliminated, so far as related to appellee's suit, except the question of his right to recover damages, and the bare legal right of appellant to replevy was in no sense an issue.

The eleventh assignment of error raises in a different manner the issue raised by the tenth assignment. The twelfth assignment of error, claiming the verdict is excessive, is not, in our opinion, sustained by the testimony in such manner as to constitute reversible error. Accordingly the eleventh and twelfth assignments are both overruled.

The judgment is affirmed.