**WILLIAMS v. GREER et al.**

No. 12694.

Court of Civil Appeals of Texas. Dallas.

Nov. 12, 1938.

Rehearing Denied Dec. 10, 1938.

J. L. McNees and W. C. Graves, both of Dallas, for appellant.

W. H. Reid and Tom Greer, both of Dallas, for appellees.

BOND, Chief Justice.

Appellant, A. B. Williams, as plaintiff, instituted this suit in a county court at law, Dallas County, against appellees, A. L. Greer and Tom Greer, as defendants, for debt in the sum of $90 and to enforce a lien on an automobile alleged to be of the reasonable market value of $325; also, applied for a writ of sequestration, alleging that the value of the automobile was $325 and that "plaintiff fears the defendants will injure, ill-treat, waste or destroy said automobile during the pendency of the suit".

The trial court sustained appellees' general demurrer to plaintiff's petition, quashed the sequestration proceedings, and dismissed the suit, assigning as grounds therefor that plaintiff's suit only involved an amount in the sum of $90, below the jurisdiction of that court, and no pleadings existed "upon which the plaintiff can predicate an equitable lien, or any other kind or character of lien upon the automobile in question, thus the county court was without jurisdiction to entertain the suit". In this, we think, the court committed error.

█ █ The courts of this state uniformly hold that the alleged value of the property upon which a lien is sought to be foreclosed determines the jurisdiction of the court; and, where a petition which does not allege the value of the mortgaged property or which does not sufficiently allege a lien thereon, will not support a judgment, thus, subject to general demurrer. Campsey v. Brumley, Tex.Com. App., 55 S.W.2d 810.

Plaintiff's petition, in effect, alleged that on or about the 13th day of April, 1937, he contracted to sell and did sell to the defendants one Master Chevrolet sedan, 1935 model, engine number 4789086, license number 262405, for a cash consideration of $325; that the defendants gave to him $235 in cash and a check for $90 on Grayson County State Bank, Sherman, Texas, executed by one E. E. Saunders, payable to A. L. Greer and endorsed by A. L. Greer and Tom Greer; and that, on the faith of the cash paid and the check given, plaintiff delivered possession of the automobile to the defendants. Plaintiff further alleges that, after receiving the check endorsed as aforesaid, without his knowledge or consent, one of the defendants inserted the word "to" after the signature of A. L. Greer so as to make the endorsement read: "A. L. Greer to Tom Greer", and that, with no knowledge of the change in endorsement, the automobile was delivered to the defendants; and, immediately thereafter, the defendant Tom Greer wired the Grayson County State Bank: "Stop payment, E. E. Saunder's check Ninety Dollars specially endorsed. Does not bear Tom Greer's endorsement", thereby stopping payment on the check. Plaintiff further alleged that the artifice practiced in the endorsement of the check and the stopping payment thereof was done for the avowed purpose of defrauding plaintiff of the possession of the automobile and the value of part of the selling price, and on account thereof, he has a valid and subsisting lien on the automobile to the amount of $90.

█ A lien, in its most extensive significance, is a charge upon property for the payment or discharge of a debt or duty. Liens may be broadly classified as common law, equitable and statutory, depending on the source from which they are derived. A common law lien is a right extended to a party to retain that which is in his possession belonging to another, until the demand or charge of the person in possession is satisfied. Common law liens are used to designate all the various charges of debt upon land or personal effects which are created by statute or recognized in equity, although neither connected with nor dependent upon possession. Thus, we have the lien of a judgment, the lien of an execution, the lien of a partner, the lien of a pledgee, the lien of a legal or equitable mortgage, and various other named charges which are denominated liens. After a transaction resolves itself into a security, whatever may be its form, and whatever name the parties may choose to give it, is in equity a lien. Hence, one deprived of the possession of real or personal property by artifice or fraud of another, equity implies and declares out of general consideration of right and justice, as between the parties, a lien on the property to secure the charge legally or equitably assessed against it. It is not necessary that a lien is created by express contract or by operation of the statute; courts of equity will apply the relations of the parties and the circumstances of their dealings in establishing a lien based on right and justice. 37 C.J. 307, 308. On the facts alleged in this case, defendants' possession

of the automobile was obtained by fraudulent means, thus, the title to the automobile did not pass and, constructively, plaintiff still retained the legal possession of the automobile, although in the hands of the defendants, until the cash consideration was paid; and, the mere fact that the actual possession was extended to the defendants, under circumstances alleged, does not destroy plaintiff's charge against it for the payment of the consideration.

In the case of American Railway Express Co. v. Voelkel, Tex.Com.App., 252 S.W. 486, goods were shipped C.O.D. by the seller, a supply company, and were delivered without the payment of the purchase price. The Commission of Appeals held that, where the seller delivers personal property sold to the carrier under C.O.D. terms by which the carrier is to collect at destination from the consignee the purchase price, the seller has the right of possession of the goods until payment of the purchase price, and that this right of possession is in the nature of a lien on the goods. In dealing with the question, the court pointedly asked and answered the question [page 488]: "Do the courts of Texas recognize a lien in favor of the supply company for the C.O.D. payment of $1,080.? We think they do." (Citing authorities.) And, in the cases cited, the court, with approval, quoted from Frech v. Lewis, 218 Pa. 141, 67 A. 45, 11 L.R.A., N.S., 948, 120 Am.St.Rep. 864, 11 Ann.Cas. 545: "Possession, however, having passed, and the buyer, by the act of the seller, having been invested with the indicia of ownership, the policy of our law requires that this situation—the possession in one and the right of property in another—shall continue no longer than is necessary to enable the seller to recover the goods with which he has parted. The law gives the seller the right, in such case, to reclaim his goods; but he must do so promptly; otherwise he will be held to have waived his right, and can only thereafter look to the buyer for the price."

In Denny et al. v. White House Lumber Co. et al., 54 S.W.2d 86, the Commission of Appeals, approved by the Supreme Court, Judge Critz, for the court, said [page 87]: "As already shown, the Gibson Supply Company sold this casing to McCorkle as a cash transaction. McCorkle gave his check therefor at the time it was purchased by and delivered to him. The check was worthless and never paid. Under such a record the title to this casing remained in the vendor, Gibson Supply Company, and never passed to McCorkle. Lang et al. v. Rickmers, 70 Tex. 108, 7 S.W. 527."

So, we think, where a check is given in payment of real or personal property, the vendor has a lien on the property by implication, as between the parties and their privies with notice, until the check is paid, unless the lien is waived by the vendor. A voluntary surrender of possession as suggested by pleadings in this case does not indicate a waiver of the vendor's rights in the property.

We conclude that the pleadings were sufficient to show jurisdiction in the county court, and nothing in the record to show otherwise, no statement of facts accompanying this appeal, and every presumption must be indulged in favor of the jurisdiction of the court as against a general demurrer; therefore, the judgment of the court below is reversed and cause remanded.

Reversed and remanded.