**VALLEY STOCKYARDS COMPANY,**
Appellant,

v.

**Dan W. KINSEL, Jr., Appellee.**

No. 3707.

Court of Civil Appeals of Texas.

Eastland.

May 18, 1962.

Rehearing Denied Sept. 14, 1962.

Greenwood & Russell, Ferrero & Hemphill, Harlingen, for appellant.

Ewers, Toothaker, Ewers, Elick, Jones & Abbott, McAllen, for appellee.

WALTER, Justice.

Dan W. Kinsel, Jr., filed suit against Valley Stockyards Company for conversion of 88 head of cattle. Mr. Kinsel sold Will Ed Wiley 158 head of cattle for $17,451.02. Wiley paid by check. The check was returned unpaid. Kinsel delivered to Wiley no bill of sale or other muniment of title to the cattle. Kinsel contends he had no intent of passing title until funds were actually received on the check. Wiley thereafter sold some of the cattle to Valley Stockyards Company.

The court granted the plaintiff's motion for a summary judgment. The defendant has appealed, contending the court erred in granting said motion and in holding as a matter of law (1) that the acceptance of the check by plaintiff as payment for the cattle was conditioned upon its being honored by the drawee bank (2) that when the plaintiff delivered possession of the cattle to Wiley he did not intend to pass title to said cattle (3) that under the agreement between plaintiff and Wiley, receipt by plaintiff of the funds on Wiley's check was a condition precedent to the passage of title (4) that plaintiff had not waived the condition that title to said cattle would not pass to Wiley until the funds were received on the check (5) that plaintiff was not estopped to seek damages from the defendant (6) that plaintiff was not limited in his recovery to the value of his cattle in excess of the amount for which they were mortgaged to the Wintergarden Production Credit Association (7) that the value of the cattle on the date of the conversion was $10,905.52. Appellant also contends the court erred in overruling its exceptions to plaintiff's pleadings and in entering certain pre-trial orders with reference to request for admissions.

The parties will be designated as they were in the trial court. Plaintiff specifically pleaded that he did not agree to sell the cattle on credit and that Will Ed Wiley agreed to pay cash for them. He further pleaded that he did not give Wiley any muniment of title or bill of sale to said cattle and would not have given him a bill of sale even if requested to do so until the funds were actually received on Wiley's check; that said check was deposited with the Wintergarden Production Credit Association on November 8, 1960, and was returned unpaid on November 16, 1960; that on or about November 7, 1960, Wiley

delivered 88 of the 158 head of cattle to the defendant for sale; that the defendant without the knowledge or consent of the plaintiff on or about such date took possession of said cattle and converted them to its own use and profit and that he had made demand upon the defendant.

The defendant pleaded that the plaintiff accepted Wiley's check for the cattle unconditionally and delivered them to Wiley with the intention that title should immediately vest in Wiley, or, in the alternative, that plaintiff had by his actions waived the alleged condition of payment. The defendant further pleaded that it was the custom and usage in the vicinity to sell cattle without a bill of sale. The defendant further pleaded that plaintiff was estopped to recover damages from innocent third parties because plaintiff permitted Wiley to cause such injuries. The defendant also pleaded there was a mortgage on said cattle in favor of Wintergarden Production Credit Association and asked that any recovery by plaintiff be limited to the value of the cattle in excess of the mortgage.

The plaintiff filed a motion for summary judgment and in support thereof submitted his affidavit, the affidavit of Moody Rankin, an officer for the Wintergarden Production Credit Association, and an affidavit of Warren Wheeler who was a market brand inspector for the Texas and Southwestern Cattle Raisers Association. Depositions of Phil Hoge and Kinsel and admissions were also considered by the court.

The defendant filed no evidence in opposition to the plaintiff's motion for summary judgment.

■ Where property is paid for by a worthless check which is never paid, title to such property never passes to the vendee. In John Clay & Company Livestock Commission v. Clements, 214 F.2d 803, the court said:

"It would seem that, under Texas law, the sales were conditioned on payment of the drafts and did not pass title until the drafts were paid, unless there were waivers of that condition. Lang v. Rickmers, 70 Tex. 108, 7 S.W. 527, 529; Berlowitz v. Standley, 117 Tex. 362, 5 S.W.2d 963, 964; Johnson v. Robinson, 5 Cir., 203 F.2d 135, 136."

Also, in Denny v. White House Lumber Company, Tex.Com.App., 54 S.W.2d 86, 87, 88, the Commission of Appeals said:

"Defendants complain of the holding of the Court of Civil Appeals to the effect that McCorkle never became the owner of the 2,060 feet of 10-inch casing and therefore no lien ever attached in their favor thereon. We sustain the holding of the Court of Civil Appeals as to such property. As already shown, the Gibson Supply Company sold this casing to McCorkle as a cash transaction. McCorkle gave his check therefor at the time it was purchased by and delivered to him. The check was worthless and never paid. Under such a record the title to this casing remained in the vendor, Gibson Supply Company, and never passed to McCorkle. Lang et al. v. Rickmers, 70 Tex. 108, 7 S.W. 527. This being the case, no lien could attach thereto in favor of defendants on a claim against McCorkle. This is in harmony with the holding of the Court of Civil Appeals, and disposes of the 2,060 feet of casing in question."

■ The plaintiff established, by his evidence presented in support of his motion for summary judgment, all of the necessary elements to establish his cause of action. Under Rule 166–A, Texas Rules of Civil Procedure, the court will accept as true all evidence of the party opposing the motion which supports his defenses and will give him the benefit of every reasonable inference which may properly be drawn in favor of his position. But the defendants filed no opposing affidavits. One of the basic duties of the court hearing a motion for summary judgment is to determine if

there is any issue of fact to be tried and not weigh the evidence or try the issues. See Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929. In Aydelotte v. Anderson, Tex.Civ. App., 280 S.W.2d 945, the court said:

"In considering a motion for a summary judgment the court must determine from what it has before it whether or not any genuine issue of fact as to any material matter is presented and whether or not as a matter of law the moving party is entitled to judgment. Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015; Salmon v. Fidelity Bank & Trust Co., Tex.Civ.App., 258 S.W.2d 837. It has been held that where the moving party's adversary filed no counter affidavit, made no showing other than as stated in his unsworn pleadings, made no showing to the effect that affidavits on his behalf were unavailable, such adversary has in effect admitted the sworn facts alleged by the movant's attached affidavits to be true, for which reason a summary judgment should be granted and under such circumstances the trial court is left without any alternative in the matter. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236."

In the case of Broussard v. Austin Road Company, 276 S.W.2d 912, (no writ history), the court said:

"In discussing the applicability of Rule 166–A, T.R.C.P., to a fact situation similar to this, the San Antonio Court of Civil Appeals states as follows: 'Appellees' showing was supported by sworn factual statements sufficient upon their face to establish a complete defense to everything appellants alleged. The verity of those sworn statements was in no way challenged by counter-affidavits or other sworn statements. In the hearing to locate the dispute about genuine and material facts, all facts stood undisputed, unchallenged, uncontroverted. When such a condition exists, there are

no facts to try, Fowler v. Texas Employers' Ins. Ass'n., [Tex.Civ.App.] 237 S.W.2d 373.'"

The brand inspector's affidavit revealed that Kinsel's 88 head of cattle were sold through the Valley Stockyard Company's place of business on November 7, 1960; that he was acquainted with the market value of cattle in the valley and that they sold at the prevailing market price.

The effect of the affidavit of the officer of the Wintergarden Production Credit Association was that the association was not claiming under Kinsel's mortgage; that Wintergarden Production Credit Association had waived their mortgage on the Kinsel cattle and had agreed to look solely to Kinsel for their money.

■ Kinsel's affidavit, in effect, established that he sold his cattle to Wiley and did not give him any muniment of title to said cattle and did not intend to do so until funds were actually received on Wiley's check.

■ We hold the court was warranted in granting Kinsel's motion for summary judgment because there was no genuine issue of a material fact.

We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

The appellant contends we erred in holding that Rule 166–A of the Texas Rules of Civil Procedure requires a party against whom a motion for summary judgment is sought to file opposing evidence supporting their defenses. Appellant pleaded that plaintiff accepted Wiley's check for the cattle unconditionally. They also pleaded waiver. After plaintiff made out his case, it was incumbent upon defendant to come forward with evidence if they expected to defeat the motion. Our Supreme Court

in the case of Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 said: "If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, it was incumbent upon them to come forward with 'evidence' sufficient to raise that question."

Appellant's motion for rehearing is overruled.