**SAN FELIPE NATIONAL BANK,**
Appellant,

v.

**J.W. CATON, et al., Appellant.**

**No. A14–83–025CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1984.

Susan Steinfink Soussan, Jane Cooper-Hill, Richie & Greenberg, Houston, for appellant.

John Farra, Rolston & Hausler, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

San Felipe National Bank (Bank or appellant) appeals from a summary judgment of $18,708.31 and $5,600.00 attorney fees in favor of J.W. Caton (Caton or appellee). Caton sought enforcement of a post judg-

ment writ of garnishment against funds of Energy Barrier Systems Inc. (Energy) on deposit with the Bank.

At the time when the writ of garnishment was served Energy had two checking accounts with the Bank. The Bank also held three promissory notes executed by Energy. Two of the notes were secured by certificates of deposit, and were ultimately redeemed. The third note, in the amount of $40,000, was secured by accounts receivable, proceeds, and any funds found on deposit with the Bank. Upon service of the writ of garnishment the Bank accelerated the $40,000 debt and offset Energy's deposits against it. After presenting affidavits and argument, both sides moved for summary judgment. The court granted judgment for Caton.

In five points of error appellant asserts that it had a legal and equitable right to offset Energy's deposits, that there were issues of fact precluding summary judgment, and that the award of attorney fees was improper. In support of its right to offset, the Bank argues its security interest in Energy's account was a prior and superior claim to the garnishment.

The Bank has claimed a security interest in a general deposit account, and does not argue it was used exclusively for proceeds from the accounts receivable. Consequently, TEX.BUS. & COM.CODE ANN. § 9.104(12) (Vernon Supp.1982–1983) applies. This security interest claimed by the Bank is excluded from Chapter Nine, and we must look to common law.

In a very similar case the Corpus Christi Court of Appeals has held that a garnisher was subrogated to the rights of its debtor which made it subject to a common law security interest. *Bullock v. Foster Cathead Co.*, 631 S.W.2d 208, 211 (Tex.App.—Corpus Christi 1982, no writ).

■ The note of indebtedness in this case gave the Bank a security interest in "any money found on deposit" with the Bank, and stated this interest was in addition to any other interests given. With respect to these deposit accounts, the Bank's common law lien was an equitable remedy, based on a contract relationship.

*Williams v. Greer*, 122 S.W.2d 247, 248 (Tex.Civ.App.—Dallas 1938, no writ). The relationship between Energy and the Bank was similar to that of pledgor and pledgee. *McAllen State Bank v. Texas Bank & Trust Co.*, 433 S.W.2d 167, 171 (Tex.1968).

■ It was acknowledged in *Greer* that a pledgee lien is a valid common law security interest. When Caton executed his writ of garnishment, it was subject to this interest. A garnishor merely steps into the shoes of the debtor. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937). Caton's interest in Energy's deposit accounts was subject to the bank's common law lien. Appellant's first point of error is sustained. The court should have sustained the Bank's, not Caton's, motion for summary judgment.

■ In the original judgment appellee was granted attorney fees. We must reverse. Appellee is no longer the prevailing party, and there is no authority under TEX. REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1982–1983) for garnishor attorney fees.

Based on the undisputed terms of the note signed by Energy the bank held a common law lien against any funds on deposit. As a matter of law, Caton stood in the shoes of Energy Systems. The bank was entitled to offset the funds on deposit against Energy's debt under the terms of the note and security agreement. Accordingly, we reverse the judgment of the trial court, and render judgment in favor of the appellant.

Reversed and Rendered.