The court in their charge to the jury said, that two facts presented themselves to their consideration, ist, Whether the goods were sold for cash to be paid on the delivery; and if so, 3d, whether the plaintiffs by their conduct, had waved the condition of the immediate receipt of the money.
On the first point, the jury were in possession of all the *5291 facts> * the bih °f parcels, and the books of the plain- -* tiffs, and could form their judgment on the whole collective evidence.
The second point occurs, supposing the agreement to have been for ready money. It appears that the boxes were placed before Edwards’s door, and continued there six hours before they were removed. If the delivery on the pavement was intended as merely conditional, and to depend on an actual payment of the money, the porter should have been informed of it, and he or some one else should have retained the custody of the sugar, that Edwards might thereby be informed of the only terms on which he could receive the possession. This would have qualified and restrained the legal operation of the delivery, and no inconvenience could arise to a fair purchaser who had paid his money for property in the visible possession of Edwards. A delivery may be made in a.very slight manner, as where one buys goods in a room, the receipt of the key is sufficient.. The change of property depends on the assent of the owner, and the right of the vendor is divested immediately after the contract of sale is made in favour of the vendee, unless it be otherwise agreed. 3 Pow. Contr. 63. When the parties specially agree, it is obvious that the vendor may, by his contract, renounce the benefit of the conditions stipulated, and trust to the good faith of the vendee for a future performance on his part. If one sells goods for cash, and the vendee takes them away without payment of the money, the vendor should immediately reclaim them by pursuing the party, and he may justify the retaking of them by force.
If the minds of the jury are satisfied that there was collusion between the defendant and Edwards, it will vary the case, since fraud will vitiate every contract. But there must be more than suspicion to warrant such an inference. If the sale of the sugar to the defendant was bona fide, it ought to prevail. The plaintiffs should suffer by their' own remissness, and not an innocent purchaser.
Verdict for the defendant.
Cited and approved in 13 Pa., 149, where it was decided that though the terms of a sale be cash, a subsequent delivery, without payment, passes the property to the vendee, not only as against all the rest of mankind, but against the vendor himself.
Cited in 85 Pa., 163 ; 5 W. N. C., 376, in support of the proposition that if on a sale for cash, the vendee takes the goods away without payment of the money, the vendor should immediately reclaim them by pursuing the party and retaking them, and this may be done when necessary, even by force.