KNOWLES FREEMAN & others *vs.* WILLIAM NICHOLS & another.

Suffolk. November 16. — 21, 1874. WELLS & DEVENS, JJ., absent.

An unconditional delivery of goods sold for cash is a waiver of any condition in the contract of sale, and the seller cannot maintain an action for the conversion of the goods against a person who has bought them of the original purchaser.

If goods sold for cash are unconditionally delivered to the purchaser, and the seller brings an action for the conversion of the goods against a person who has bought them of the purchaser, an instruction that where goods are sold for cash the title does not pass to the purchaser, notwithstanding delivery, until the money is paid, or there is a waiver of the cash payment, is erroneous.

TORT for the conversion of certain packages of fish.

At the trial in the Superior Court, before *Dewey*, J., the evidence tended to show that on December 10, 1872, the plaintiffs, doing business in Boston under the firm name of Knowles Freeman and Co., sold to one Hall, of Lowell, a trader, a large number of packages of fish, of which the lot in question was a part, and that the same were sold for cash; that part of the goods were delivered the same day, and the rest in four or five days afterwards, at the store of Hall, in Lowell; that Hall, a few days after, sold a portion of the fish, and subsequently the plaintiffs called for payment, but no payment was made; and that on

January 1, 1873, Hall sold and delivered the fish, mentioned in the plaintiffs' writ, to the defendants, who paid for the same, knowing nothing of the terms of the trade between Hall and the plaintiffs.

The defendants asked the judge to rule that although the sale was for cash, yet, the fish having been delivered to Hall at his place of business, the plaintiffs could not recover for the value of the same in the hands of the defendants. The judge declined so to rule, but instructed the jury that in a sale of goods for cash the title did not pass to the purchaser, notwithstanding the goods had been delivered, until the money was paid for the same, or there was a waiver of the cash payment.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*G. F. Richardson*, for the defendants.

*J. C. Kimball*, for the plaintiffs.

GRAY, C. J. An unconditional delivery of goods sold for cash is a waiver of any condition in the sale, and the seller cannot afterwards assert a title to the goods. *Upton* v. *Sturbridge Cotton Mills*, 111 Mass. 446. *Goodwin* v. *Boston & Lowell Railroad*, Ib. 487. *Haskins* v. *Warren*, 115 Mass. 514. The evidence at the trial tended to prove a sale for cash, and a delivery without condition. The instruction given to the jury implied that some other evidence of waiver was necessary to prevent the maintenance of the action.              *Exceptions sustained.*