Frech v. Lewis, Appellant.

218    141
137SC 1 47
38SC 1250

*Contract—Sale—Delivery—Sale for cash.*

Where the contract of sale provides for payment of the purchase price on delivery of the articles sold, and the seller delivers the goods but the buyer fails to pay, the right of property does not pass to the buyer with the possession, but remains with the seller, who may at his option reclaim the goods. The right to reclaim the goods, however, must follow the buyer's default as promptly as the situation of the parties and the circumstances of the case will allow.

In such a case reliance upon a subsequent promise to pay that leads the seller to refrain from asserting his rights to retake the property, is in itself a waiver of the right, and makes absolute a delivery which in the first instance was conditional. The seller's only remedy is against the buyer as a debtor.

Fraud and artifice practiced by the buyer may excuse delay in attempting a recovery of property after delivery, but not mistaken confidence reposed in the buyer's promises.

Argued March 25, 1907. Appeal, No. 73, Jan. T., 1907, by defendant, from judgment of Superior Court, Oct. T., 1906, No. 5, affirming judgment of C. P. No. 5, Phila. Co., Sept. Term, 1903, on verdict for plaintiff in case of Henry Frech v. G. Lambert Lewis. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Appeal from Superior Court.

The facts are stated in the opinion of the Supreme Court. See also 32 Pa. Superior Ct. 279.

*Error assigned* was the judgment of the Superior Court.

*J. Howard Morrison* and *Theodore J. Grayson*, with them *William McGeorge, Jr.*, for appellant.

*J. Fithian Tatem*, with him *James S. Williams*, for appellee.

OPINION BY MR. JUSTICE STEWART, May 6, 1907:

The settled doctrine of our cases is to the effect, that where the contract of sale provides for payment of the purchase price on delivery of the articles sold, and the seller delivers the goods but the buyer fails to pay, the right of property does not pass to the buyer with the possession, but remains with the seller, who may at his option reclaim the goods. In some jurisdictions the right of property is held to pass with the delivery, unless at the time the right to retake is expressly declared by the seller. We have not gone so far. Our cases proceed on the theory that until payment has been made, or waived, the contract remains executory, and that delivery in such case is not a completion of the contract, except as an intention to so regard it is expressly declared or can fairly be inferred from the circumstances attending. Possession, however, having passed, and the buyer by the act of the seller having been invested with the indicia of ownership, the policy of our law requires that this situation—the possession in one and the right of property in another—shall continue no longer than is necessary to enable the seller to recover the goods with which he has parted. The law gives the seller the right in such case to reclaim his goods, but he must do so promptly, otherwise he will be held to have waived his right, and can only thereafter look to the buyer for the price. The question the present case suggests is—when does this inference of waiver arise? Our authorities admit of but one answer: except when delayed by trick or artifice, the assertion of the right to reclaim the property must follow immediately upon the buyer's default. This

does not mean that the seller must eo instanti begin legal proceedings to recover the goods; but it does mean that the seller when he discovers that his delivery is not followed by payment as he had the right to expect, is at once put to his election whether he will waive the condition as to payment and allow the delivery to become absolute, or retake property, and that he is to allow no unnecessary delay in making his choice. The object of the law is not to multiply his remedies because of his disappointment. He may not continue to hold his right to the goods, and at the same time hold the buyer as his creditor; one or the other he must relinquish, and do it promptly, or the law will forfeit his right to elect. Continued acquiescence in the buyer's possession of the goods will be taken as a choice on his part to regard the delivery as absolute, notwithstanding the buyer's default. The policy of the law, in requiring promptitude in the assertion of continued ownership of the goods, could easily be vindicated were it necessary. It answers every purpose here to show that the law requires it. In Leedom v. Phillips, 1 Yeates, 527, it is said: " When the parties specially agree, it is obvious that the vendor may, by his contract, renounce the benefit of the conditions stipulated, and trust to the good faith of the vendee for a future performance on his part. If one sells goods for cash, and the vendee takes them away without payment of the money, the vendor should immediately reclaim them by pursuing the party, and he may justify the retaking of them by force." This was quoted approvingly in Bowen et al. v. Burk, 13 Pa. 146; and it was there added that " where he (the seller) lies by, and makes no complaint in a reasonable time, he consents to the absolute transfer of the property, and the contract is consequently complete against all the world." In Backentoss v. Speicher, 31 Pa. 324, reference is made to the case last above cited; what we have quoted from it was there approved, and the necessity for an immediate reclamation of the goods was emphasized. It is there said: " This is the principle that is decisive against the present plaintiff. A sale of goods for cash is, strictly speaking, a sale on condition. The contract is do ut des. The condition is more imperative than such as was in this case, but for that reason less easily waived; and yet if the vendor acquiesced in a possession obtained in disregard of the condition, he waives

it; and though he may recover the price by action, he cannot recover the goods in specie. . . . When the plaintiff found his condition disregarded, he should have promptly reclaimed the goods." Mackaness v. Long, 85 Pa. 158, is another recognition of the same doctrine, that unless reclamation of the property be made immediately the title passes to the buyer. These cases and others that might be cited, following the lead of Leedom v. Phillips, 1 Yeates, 527, all hold that the duty is upon the seller if he would retain his right to the property to proceed promptly, and we know of no case in which a contrary doctrine is asserted. In some cases the expression "within a reasonable time" is used where the right to reclaim is referred to; but this expression suggests no departure from the rule as declared in Leedom v. Phillips, supra. By reasonable time is to be understood such promptitude as the situation of the parties and the circumstances of the case will allow. It never means an indulgence in unnecessary delay, or in a delay occasioned by the vain hope and fruitless effort to obtain the money from the defaulting buyer. When the delay is to be accounted for by the latter consideration, it is accepted as an acquiescence in the delivery and the acceptance of the buyer as a debtor.

Now for the facts of this case. The contract was that plaintiff was to furnish defendant with two carriages to be paid for on delivery. The first carriage was delivered September 4, 1903, through plaintiff's son, who immediately demanded of the defendant payment for the same. Defendant's response was: "I will be over in a day or two to see your father, and if I do not, I will send him a check in the course of a day or two." He failed to keep his promise; he neither went to see plaintiff, nor did he send the check. Nevertheless, three days after this the other wagon was delivered to him at the same place, while he was absent from home. A week or ten days thereafter the plaintiff demanded payment, and repeated the demand both personally and by letter time and time again, with no better result than to get a note from the defendant which he accepted conditionally, but which he returned because he was unable to get it discounted. Meanwhile defendant was using the carriages, as plaintiff must have known since he repaired one of them which had been injured in the using. While plaintiff was diligent and persistent in demanding pay-

ment, at no time did he demand a return of the carriages, or in any way assert his right to property in them. His effort was, as he himself testified, to coax the defendant into paying the price. Two months and a half elapsed before he began this action of replevin, which was his first assertion of continued ownership of the property. It was not only too late, but his conduct shows that during all this time he was dealing with the defendant as though the latter was his debtor. His own explanation is that he delayed trusting to the promises of the defendant from time to time to pay the price of the carriages. The title to a chattel passes as fully after a conditional delivery, where possession is allowed to be retained, in consideration of a new promise to pay, as where delivery is preceded by actual payment. The plaintiff was not tricked into delivering the carriages to the defendant ; nor was his delay in asserting claim to the property in consequence of any fraud practiced. He reposed confidence in the promise of the defendant, and was disappointed. His disappointment does not restore to him the right of property with which he parted. The court below submitted it to the jury to determine whether plaintiff by his conduct had waived his right to retake the carriages. The jury found he had not, and gave the plaintiff a verdict for the property. On appeal to the Superior Court the judgment of the lower court was affirmed. The ground on which the affirmance rested is thus stated by the learned judge who delivered the opinion : " It cannot be said as matter of law that the plaintiff's conduct amounted to a waiver of his right. In view of the repeated promises of the defendant, the plaintiff might well have been misled and induced to postpone proceedings for the recovery of his property. His delay is evidence of a waiver, but it is not conclusive in view of the conduct of the defendant." In this we cannot concur. The reasons for our dissent fully appear in what we have already said. Reliance upon a subsequent promise to pay that leads the seller to refrain from asserting his right to retake the property, is in itself a waiver of the right, and makes absolute a delivery which in the first instance was conditional. The right of plaintiff to recover back his property after he had delivered it resulted from the buyer's failure to keep his first promise ; his failure to keep subsequent promises to pay could neither pro-

**146** FRECH *v.* LEWIS, Appellant.

long nor revive that right. What defendant did or did not do, is a matter that has no place in the inquiry ; what the plaintiff did or failed to do, is the determining consideration. Fraud and artifice practiced by defendant may excuse delay in attempting a recovery of property after delivery, but not mistaken confidence reposed in defendant's promises.

Judgment is reversed.