# Blair *v.* Clark, Appellant.

*Contracts—Sale—Delivery—Payment—Rescission.*

Where a contract of sale provides for the payment of the purchase price on delivery of goods sold, and the seller delivers the goods but the buyer fails to pay, the right of property does not pass to the buyer with the possession, but remains with the seller, who may at his option reclaim the goods.

If a sale of lumber is for "cash on the ground," and the buyer pays only part of the purchase money, and proceeds to remove the timber, the seller may, without rescinding the contract, notify the purchaser not to remove the remainder of the timber, until the balance of the purchase money has been paid.

Argued May 4, 1908. Appeal, No. 150, April T., 1908, by defendant, from judgment of C. P. Indiana Co., Dec. T., 1906, No. 110, on verdict for plaintiff in case of James S. Blair v. Harry E. Clark. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for balance due on a contract of sale. Before TELFORD, P. J.

The opinion of the Superior Court states the case.

Defendant presented the following points:

1. The plaintiff, having retained possession of the greater part of the lumber and still having it in his possession, cannot recover the contract price. *Answer:* This point requests us to find a fact from the evidence, and is therefore declined. [1]

5. If the jury finds that the plaintiff delivered to the defendant all the lumber on the Stuchell tract and before the greater part thereof had been removed by the defendant the plaintiff refused to permit the defendant to remove the same, that was a renunciation by the plaintiff of the contract and gave the defendant the right to treat the contract as broken, and the plaintiff cannot recover. *Answer:* This point is refused. [2]

If the jury finds that the plaintiff broke the contract, either by selling lumber which he contracted to deliver to the de-

fendant or by refusing to allow the defendant to remove the larger part of the lumber on the Stuchell tract, the defendant is entitled to recover damages for the actual loss sustained by the defendant. *Answer:* This point as stated is refused. [3]

Verdict and judgment for plaintiff for $370.44. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*D. B. Taylor* and *Frank Keener*, for appellant.—The lumber being on Blair's land and he refusing to permit Clark to remove it, took possession of the lumber and thus rescinded the contract, giving Clark the right to assent to such abandonment of the contract and treat the contract as dissolved: Graves v. White, 87 N. Y. 463, cited in 30 L. R. A. 59; Bowen v. Burk, 13 Pa. 146; Girard v. Taggart, 5 S. & R. 19; Hartman v. Meighan, 171 Pa. 46; Seanor v. McLaughlin, 165 Pa. 150; Scott v. Hough, 151 Pa. 630; Unexcelled Fire-Works Co. v. Polities, 130 Pa. 536; Jones v. Jennings Bros. & Co., 168 Pa. 493; Guillon v. Earnshaw, 169 Pa. 463; Hooper, Seving & Co. v. Carpet Co., 11 Pa. Superior Ct. 634.

*John H. Pierce*, with him *David Blair*, for appellee.—This being a sale for cash, and the lumber having been delivered, but the consideration not paid, the right of possession was in the defendant, Clark, but the right of property remained with the seller, Blair. The contract was executed, the indicia of ownership being with the buyer, the right of property with the seller: Frech v. Lewis, 218 Pa. 141; Backentoss v. Speicher, 31 Pa. 324; Mackaness v. Long, 85 Pa. 158; Fessler v. Love, 48 Pa. 407.

OPINION BY ORLADY, J., July 15, 1908:

After considerable correspondence and a number of personal interviews, the plaintiff sold to the defendant 101,705 feet of oak boards, at the price of $10.50 per thousand feet. In concluding the contract, as stated by the defendant in his argument, the plaintiff said to him, "You can examine it all you

want, as thoroughly as you care to; but remember there is only one way in which you can buy it, and that is according to my inventory, as a basis of the amount of lumber there, and for $10.50 per thousand feet, cash on the ground." Which proposition was accepted on December 13, 1903, in a letter written by the defendant. On January 14, 1904, the defendant sent his check, by letter, for $750 on account of the purchase, and stated "I will pay the balance of this money when I return from Mexico," and soon thereafter he began hauling away the boards.

A controversy then arose as to the quality of some of the lumber and the plaintiff advised an interview on the ground to confirm his statement, that all the lumber was of the quality designated in the inventory which he had furnished to the defendant prior to making the sale. In October of that year the defendant again began to haul lumber, and after having taken away in all, about 35,000 feet, the plaintiff notified him, on October 25, as follows: "I am surprised to learn that you are moving boards from the Stuchell farm before making your last payment of $302.90, which is now about ten months past due. Until this amount is paid I respectfully insist that the hauling be discontinued." Prior to this time a number of requests had been made for payment, and this suit was brought to recover the balance due on the contract. The trial resulted in a verdict for the plaintiff for $370.44. The defendant submitted points for charge, as follows: "Second. If the jury finds that the plaintiff delivered to the defendant all the lumber on the Stuchell tract, and before the greater part thereof had been removed by the defendant, the plaintiff refused to permit the defendant to remove the same, that was a renunciation by the plaintiff of the contract, and gave the defendant the right to treat the contract as broken, and the plaintiff cannot recover. Third. If the jury finds that the plaintiff broke the contract, either by selling lumber which he contracted to deliver to the defendant, or by refusing to allow the defendant to remove the larger part of the lumber on the Stuchell tract, the defendant is entitled to recover the actual damages for the actual loss sustained by the defendant."

The second point was refused by the court below, and the third was refused as stated.

It appears by the undisputed testimony that the defendant made a full examination of the property, by his agents, prior to accepting the proposition to buy, and had been furnished an inventory by the plaintiff. The right of the plaintiff to insist upon the payment of the purchase price before the actual removal of the property has been so recently dealt with in Frech v. Lewis, 218 Pa. 141, that it is not necessary further to analyze the law on that subject. Mr. Justice STEWART says: "The settled doctrine of our cases is to the effect that where the contract of sale provides for payment of the purchase price on delivery of the articles sold, and the seller delivers the goods but the buyer fails to pay, the right of property does not pass to the buyer with the possession, but remains with the seller, who may at his option reclaim the goods. In some jurisdictions the right of property is held to pass with the delivery, unless at the time the right to retake is expressly declared by the seller. We have not gone so far. Our cases proceed on the theory that until payment has been made, or waiver, the contract remains executory, and that delivery in such case is not a completion of the contract, except as an intention to so regard it is expresssly declared or can fairly be inferred from the circumstances attending. Possession, however, having passed, and the buyer by the act of the seller having been invested with the indicia of ownership, the policy of our law requires that this situation—the possession in one and the right of property in another—shall continue no longer than is necessary to enable the seller to recover the goods with which he has parted. The law gives the seller the right in such case to reclaim his goods, but he must do so promptly, otherwise he will be held to have waived his right, and can only thereafter look to the buyer for the price."

In Pennsylvania Railroad Company v. American Oil Works, 126 Pa. 485, the court declared: "A vendor of goods has the right to retain them in his own possession until the price has been paid. If he waives this right and sells upon credit, it is an implied condition of such sale that the buyer shall continue

in good credit until he comes into his actual possession. When that happens the lien of the vendor is gone, and he must depend on the ultimate solvency of his customer at the expiration of the term of credit."

The exercise of the right to hold the lumber, under the undisputed facts of this case, was not a rescission of the contract of sale, but a resumption of possession by the vendor in order to assert his lien under the very terms of his contract. There is no suggestion of a fraudulent misrepresentation, as the defendant had fifteen days, at least, within which to examine the boards in the light of the inventory furnished to him by the plaintiff. His payment of $750 and unequivocal promise to pay the balance of the money when he returned from Mexico, fix his liability under his contract, and, coupled with the provision in the offer that payment was to be made "Cash, on the ground," fully justified the plaintiff in insisting on the actual compliance with the terms of his contract. There is nothing suggestive of cancellation or rescisson of the contract, but the insistance of the plaintiff was that it should be performed according to its terms. It is true, that the defendant contended that the payment was not to be made before the lumber was taken away from the farm, but that is a fact which has been passed upon by a jury and resolved by that tribunal in favor of the plaintiff's contention.

The third point, as presented, was properly refused as stated, for the reason that the question of the measure of damages for the breach of the contract was subject to and dependent upon the principal question of fact to be disposed of by the jury—whether the contract as above suggested, was in any way modified—and if they found in favor of the plaintiff, the measure of damages was the actual balance due on the contract, with its interest.

The assignments of error are overruled and the judgment is affirmed.