## LEHMANN v. PEOPLE'S FURNITURE CO.

No. 3741.   Opinion Filed August 25, 1914.

(142 Pac. 986.)

**SALES**—Transfer of Title—Delay in Rescinding.   Where a contract of sale provides for cash on delivery and the goods are delivered, but the purchaser fails to pay, and the seller does not promptly reclaim the goods, but endeavors for six months to collect the account and fails to show at the trial that such delay in reclaiming the goods was caused by some trick or artifice on the part of the buyer, **held**, that title to the property passed to the buyer upon the seller's failure to promptly rescind, and the court erred in not peremptorily instructing the jury to return a verdict for the defendant.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Creek County;*
*Warren H. Brown, Judge.*

Action by the People's Furniture Company, a copartnership, composed of Curtis Redd, Mark Hillis, and C. E. Edgerton, against Jonas B. Lehmann. Judgment for plaintiffs, and defendant brings error. Reversed.

*Thompson & Smith,* for plaintiff in error.

*W. P. Root* and *S. D. Decker,* for defendants in error.

Opinion by RITTENHOUSE, C. This is an action in replevin brought by the defendants in error, plaintiffs below, to recover possession of certain furniture sold to Jonas B. Lehmann, wherein it is alleged that plaintiffs were the absolute owners and entitled to the immediate possession thereof. The proof discloses that at the time of the transaction the plaintiffs conducted a furniture store in Sapulpa, Okla., and that the defendant was engaged in the jewelry business in the same city; that defendant called upon the plaintiffs, at their place of business, and was quoted prices on furniture, which he purchased, and which was delivered in three installments as follows: December 27, 1910; January 12, 1911; and January 24, 1911. The contention of plaintiffs is that the sale of this furniture was condi-

tioned upon the payment of cash on delivery, and, owing to the failure of defendant to pay on delivery, the sale did not become effective and title did not pass to the defendant. It is admitted by plaintiffs that no cash was paid on delivery; that a statement of their account was sent to the defendant on February 1, 1911, and defendant .paid $54.10; that the account was presented for payment on the first of each succeeding month until June 17, 1911, when this action was brought; that on May 1, 1911, they' proposed to Lehmann that if he would turn over a diamond ring for the balance due, they would accept that in payment of the account; this Lehmann agreed to do, but Lehmann could not make delivery at once, as the rings were out of the store. There was no material conflict in the evidence. Defendant requested the court to instruct the jury to return a verdict in his favor, which was refused, and this holding of the court is assigned as error.

The general doctrine is that where the contract of sale provides for cash on delivery, and the goods are delivered, but the purchaser fails to pay, the title to the property does not pass with the possession, unless it is the intention of the seller that such title pass or payment is waived. *Frech v. Lewis,* 218 Pa. 141, 67 Atl. 45, 11 L. R. A. (N. S.) 948, 120 Am. St. Rep. 864; 11 Ann. Cas. 545; Tiedeman on Sales, sec. 217. If the purchaser refuses to pay on delivery, the law gives the seller the right to reclaim his goods, and the only excuse for not promptly reclaiming the goods is that the defendant practiced some trick or artifice upon the seller which caused him to delay in reclaiming the same. The conditions under which the plaintiffs in this action delayed for six months to reclaim possession of the goods were as follows: The goods were delivered in three installments; no request was made for the cash payment until February 1, 1911, when a statement of the account was sent to the defendant and he paid $54.10. Nothing more was said until the first of the following month, when a statement of the balance due was sent to the defendant, and on the first of each succeeding month until June, 1911, like 'statements were presented to the defendant, and he continuously made promise to pay in the fu-

ture. In May, 1911, the plaintiffs submitted a proposition to accept a diamond ring in settlement of the account, which was accepted by the defendant, but a subsequent controversy arose, and a delivery of the ring was never made. During the six months which intervened between the date of sale and June 17, 1911, the day this suit was instituted, no demand was made for the possession of the goods. Under these circumstances, the seller waived the condition of the cash payment, and voluntarily accepted defendant as a debtor, treating him from the day of sale to the time of the institution of this action as a debtor, attempting on the first of each month to collect the debt and never mentioning their claim of ownership until they had endeavored for six months to make the collection by a cash payment or delivery of the diamond ring, without any showing that they had been delayed by trick or artifice being practiced by the defendant to cause the seller to delay in reclaiming the goods.

There was no express reservation of title in the contract; merely a sale for cash. A voluntary delivery without payment, coupled with an inexcusable delay on the part of the seller in reclaiming the goods sold, would constitute in law a waiver of the conditions of such sale. *Upton v. Cotton Mills,* 111 Mass. 446; *Bowen v. Burk,* 13 Pa. 146; *Freeman v. Nichols,* 116 Mass. 309; *Freeport Stone Co. v. Carey's Adm'r,* 42 W. Va. 276, 26 S. E. 183. The question as to whether the plaintiffs had waived their right to reclaim the goods was submitted to the jury, and the plaintiffs now claim that, inasmuch as the jury found they had not waived this right, such finding was conclusive. The facts are not disputed, the evidence offered by the plaintiffs conclusively established that they had waived the conditions of the sale by a failure to promptly rescind, and in the absence of evidence tending to show that fraud or artifice in some form was used by the defendant, to cause them to delay in reclaiming the goods and thereby take the case out of the general rule, the plaintiffs failed to make out a *prima facie* case, and the court should have given the peremptory instruction requested.

The cause should therefore be reversed.

By the Court: It is so ordered.