## McCabe, Appellant, v. Northampton Trust Company.

*Contract—Sale—Right of approval—Delay—Passing of title—Corporations—Bankruptcy.*

Where a contract of sale gives the right of approval of the article to the vendee, and also specifies the time within which payment must be made, the time thus limited for payment will be the time within which the option of approval must be exercised; if the vendor waits for four months after the expiration of the time within which the option of approval must be exercised, with full knowledge of the party to whom he had sold the article and where the article is located, he loses the right to reclaim as against an innocent third person who bought the article for value. The fact that the vendee was a corporation and that it was adjudicated a bankrupt during the running of the four months, is immaterial, inasmuch as the vendor had the right to reclaim the articles within the proper time.

Argued Dec. 9, 1914. Appeal, No. 139, Oct. T., 1914, by plaintiff, from judgment of C. P. Northampton Co., Feb. T., 1914, No. 47, for defendant n. o. v. in case of J. J. McCabe v. The Northampton Trust Company and William E. Farrell, Intervenor. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Feigned issue on a sheriff's interpleader to determine the ownership of a planer. Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for $1,200. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William H. Kirkpatrick*, with him *H. J. Kuebler*, for appellant.

*Aaron Goldsmith*, for appellee.

OPINION BY KEPHART, J., April 19, 1915:

The plaintiff sold to the Ernst Wiener Company a planer. There were two companies of this name, one a New York and the other a Pennsylvania corporation. The New York concern owned all the stock of the Pennsylvania company. The Pennsylvania company was the owner of the real estate in Pennsylvania where the planer was installed. Assuming all the evidence that plaintiff offered to have been properly admitted, it shows that the condition upon which the sale was made was that the vendee should have an opportunity to test the machine. The requisition for the machine, which was duly accepted, called for "payment as usual, net cash 30 days." Owing to some misunderstanding as to the shipment of the machine appellant claims that by an oral understanding this time was extended sixty days. To so extend it and not interfere with the written requisition, the machine was invoiced ahead thirty days, thus allowing sixty days for payment from the time the machine was received, June 3, 1913. Before the time of payment, or on July 22, a receiver was appointed for the New York company and on August 11 it was adjudicated a bankrupt, a trustee being appointed on August 29. The Pennsylvania company was operated by a receiver until the trustee in bankruptcy took hold, and by the trustee in bankruptcy until a sale of the property took place. By foreclosure of a mortgage dated October 18, 1912, the sheriff, on the second Monday of December, 1913, sold all the effects of the Pennsylvania company, including the planer, to the Northampton Trust Company, defendant, and by the trust company it was sold to William E. Farrell, the intervenor, on December 10, 1913. The trustee sold all the property of the bankrupt's estate to William E. Farrell, October 23, 1913. No action was taken by the vendor to assert its claim to the machine prior to these

proceedings. The court below entered judgment n. o. v. on two grounds, either one of which would be quite sufficient if sustained in law.

Where goods are sold upon a condition precedent subject to the vendee's right of approval, and the title remains in the vendor, or where the sale is made on condition that payment of the purchase price be made upon delivery, and the buyer fails to pay, it is settled law that the vendor's right to reclaim the goods must be exercised within a reasonable time. In the case of payment on delivery, unless prevented through fraud or artifice, he must move immediately upon the buyer's default: Frech v. Lewis, 218 Pa. 141. Two and one-half months was there held to be an unreasonable length of time within which to move. In sales subject to approval the length of time to reclaim is extended somewhat beyond that allowed where default is made in payment on delivery, but it must be a reasonable length of time. What is a reasonable length of time depends to some extent on the character of the articles sold and the time necessary to make a fair test. The question may therefore be one for the court in the first instance or for the jury under proper instructions: Hickman v. Shimp, 109 Pa. 16; Etna Mfg. Co. v. Enos, 31 Pa. Superior Ct. 393. Where the time is limited by the contract this will control. Where the contract of sale gives the right of approval and it also specifies the time within which payment must be made, the time thus limited for payment would be the time within which the option of approval must be exercised: Hickman v. Shimp, supra. The vendee has the full period agreed upon to act but no more. If he fails to approve within the time and gives no notice to the vendor, and the vendor permits a long period of time to elapse before any effort is made to reclaim the goods, the vendee has waived his right to approve and the vendor to reclaim. The contract is then an ordinary contract of sale. Whatever right to reclaim the plaintiff had must

be exercised immediately on the failure of the vendee to act. Here the vendor waited four months and by so doing he lost his right to reclaim the property. It is no defense as against an innocent third person that he did not know which of the two companies to proceed against. He knew to which one he had sold the machine and he knew where the machine was located. Having the title, all that was necessary was the possession of the machine. He could have proceeded against those having the possession. His efforts in good faith would have been evidence of his intention to reclaim. The present proceeding attacks the title secured through the trustee's sale. The trustee acquired all the rights in any property the bankrupt possessed and was subject to its obligations. The appointment of a receiver and trustee would not suspend the operation of any contract or annul its terms. It would not cause debts due in the future to become immediately due nor change the limited character of the plaintiff's title into an absolute one free of all conditions; nor would it prevent the creditors from participating in whatever benefit there might be attached to the performance of any contract to which the bankrupt was a party. While the vendee's representatives may not be permitted to act without the permission of the court, and we do not so decide, this did not prevent the vendor from reclaiming the machine within the proper time. The trustee in bankruptcy having all the powers of a creditor had a right to insist that the contract be executed in accordance with its original understanding. The trustee and the receiver acted for both companies. The trustee held the property subject to the exercise of the vendor's right to reclaim under and subject, of course, to the laws governing reclamation of property sold. In re Landis, 151 Fed. Repr. 896; In re Allen, 183 Fed. Repr. 172; and In re Hartdagen (D. C. Pa.), 26 American Bankrupt, p. 532, it was held that contracts such as this are void under the bankrupt law. Our conclusion on

this proposition makes it unnecessary for us to discuss the remaining questions presented.

The assignment of error is overruled and the judgment is affirmed at the cost of the appellant.