**MULLEN et al. v. NOAH.**

No. 6903—Opinion Filed July 10, 1917.

(166 Pac. 742.)

(Syllabus by the Court.)

**1. Dismissal—Order.**

The dismissal of an action under the provisions of section 5125, Rev. Laws Okla. 1910, is a judgment, and requires an order of court.

**2. Dismissal—Filing of Motion—Effect.**

In an action where a motion to dismiss signed by the plaintiff was filed by the defendants, and where, upon a hearing, the trial court found that the plaintiff did not thor-

oughly understand the effect of the motion to dismiss, and that he wanted to continue the suit, and such findings are reasonably supported by the evidence, the filing of said motion did not operate as a dismissal of the action under section 5126, Rev. Laws Okla. 1910.

### 3. Dismissal—Power of Plaintiff—Authority of Court.

The authority given the plaintiff under the provisions of section 5126, Rev. Laws Okla. 1910, to dismiss an action without an order of court does not deprive the court of its power to inquire into the means by which the motion was obtained and the legal effect to be accorded it.

### 4. Indians—Indian Lands—Leases.

A valid lease for agricultural purposes of a restricted Choctaw Indian's surplus allotment may be made during the existence of a prior valid lease, provided it is made for a fair rental, near the termination of the existing lease, and that it does not extend the term more than five years from the date of the new lease.

### 5. Same.

A lease executed on October 28, 1909, by a full-blood Choctaw Indian on his restricted surplus allotment, to commence June 1, 1910, where the lessor was not in possession of said land, and it is not shown that it was necessary to make the lease at such time in order to regulate the course of cultivation that was to be pursued the subsequent year, is void.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by Rogers Noah against J. S. Mullen and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

H. A. Ledbetter, Monroe Osborn, and F. M. Adams, for plaintiffs in error.

McPherren & Cochran, for defendant in error.

RAINEY, J. On October 28, 1909, Rogers Noah, a full-blood Choctaw Indian, executed an agricultural lease on his restricted surplus allotment to one J. S. Mullen. Said lease in part is as follows:

"That the party of the first part, for and in consideration. of $200.00, paid and to be paid as hereinbefore provided, hereby lets and leases unto the party of the second part, for a period of five years beginning June 1st, 1910, and ending October 20th, 1914, the following described land, etc. * * * and the said consideration exclusive of the improvements to be placed on said land for each of said years, hereinbefore mentioned, to wit, the sum of $40.00 per year, party of the second part agrees and binds himself to pay to the party of the first part in money divided into equal partial payments, so that each installment shall become due and payable quarterly each of said years."

And on the 15th day of July, 1911, said Rogers Noah executed another lease to one W. D. Gibbs, for the years 1915 and 1916, covering the same land and reciting a consideration of $150. This lease was assigned to one J. W. Gladney. The leases were not approved by the Secretary of the Interior. This action was instituted in the district court of Bryan county, for the cancellation of said leases on several grounds, and for judgment against the defendant Mullen for the sum of $1,200, which the plaintiff alleged was the reasonable rental value of the land during the years 1910, 1911, 1912, and 1913, while occupied by Mr. Mullen's tenant under the lease.

The district court found that there was no actual fraud perpetrated by Mr. Mullen or his agents upon Rogers Noah, but "that the consideration was so grossly inadequate as to amount to fraud." The judgment was for the cancellation of the lease and for damages against the defendant Mullen in the sum of $238. After the suit was instituted and before trial on the merits was had in the district court, the defendants filed a motion signed by the plaintiff to dismiss the action, with prejudice. This motion for dismissal was procured from the plaintiff by the defendants, and was in their possession at the time it was filed. On this question the court found that the plaintiff—

"wants to continue this suit and if possible recover his land, believing that he is not receiving a sufficient compensation for it under the old lease. He states that he did not understand thoroughly what the motion to dismiss was, and from an examination I am sure that he had no thorough knowledge of what it was, but, as stated before, I think it was explained to him, and that in his limited way he had an idea of what it meant. This court has no desire to usurp any authority the law does not give it; but, inasmuch as a trial according to the law and equity will not harm any one unless this court should err, and if it does it can easily be corrected by appeal, I shall permit the motion to be filed, but shall refuse to dismiss the case, and proceed to try it. I permit the motion to be filed in the case only that the record may be complete. The motion is in the possession of, and is presented by the defendant J. S. Mullen. This court is of the opinion that he would have the right, even without passing upon the plaintiff's rights in the matter, to refuse to permit the motion to be filed by the defendant, but, as stated, in order that the record may be complete, the motion may be filed, but the relief asked therein will be denied and the trial proceeded with."

The parties to the action will be designated as in the trial court.

Counsel for the defendants strenuously insist that the court erred in refusing to dismiss the cause upon the written application filed by them in the trial court, and base their alleged right to a dismissal of the action upon the provisions of sections 5125, 5126, Revised Laws of Oklahoma of 1910, which, so far as pertinent, read as follows:

"5125. An action may be dismissed without prejudice to a future action: First, by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court. * * *"

"5126. A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at-any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervener or defendant to proceed with the action."

Section 5125 of our Code is identical with section 395 of the Code Civ. Proc. Kan. (Gen. St. 1909, sec. 5990), where, as here, it is a part of the chapter on Judgments. The Supreme Court of Kansas has held that in contemplation of the Civil Code a dismissal under said section is a judgment and requires an order of court. Houston v. Clark, 36 Kan. 414, 13 Pac. 739; Oberlander et al. v. Confrey, 38 Kan. 462, 17 Pac. 88; Allen v. Dodson, 39 Kan. 220, 17 Pac. 667; Smith-Frazer Boot & Shoe Co. v. Derse, 41 Kan. 150, 21 Pac. 167.

Section 5126 expressly provides as a condition for the dismissal of an action without an order of court the payment of the costs by the plaintiff. As the presumption is in favor of the action of the trial court, and there being nothing in the record to show that the costs were paid, we do not think the defendants urging the dismissal have made a sufficient showing to authorize this court to say that the trial court erred. In addition, we have concluded from the findings of the trial court, which are reasonably supported by the evidence, that the plaintiff did not thoroughly understand the effect of the motion to dismiss, and that he wanted to continue the suit.

A somewhat similar question was involved in the case of Harjo v. Black, 49 Okla. 566, 153 Pac. 1137. In that case the plaintiffs signed a stipulation for the dismissal of an action instituted by them, and the filing thereof was noted on the records in the office of the clerk of the district court. A few days thereafter plaintiffs filed a motion to set aside and strike the dismissal from the files, on the ground that it was fraudulently procured from them by one of the defendants. The court, without hearing proof, overruled the plaintiffs' motion to set aside the dismissal, which ruling this court, in an opinion by Mr. Chief Justice Sharp held was error. In that case the defendants paid the costs due by the plaintiffs, and urged in this court that since the statute authorized the plaintiff to dismiss the action upon payment of the costs without an order of court, the trial court was without jurisdiction in the same suit to inquire into the circumstances connected wth the procurement of the stipulation for dismissal and the legal effect to be accorded it. In disposing of this contention, we said:

"While the statute authorizes a plaintiff to dismiss his case upon certain conditions, it does not follow that the court is without jurisdiction in the same suit, and on the very day that the costs are paid, to inquire into and determine the occasion and circumstances connected with the procurement of the dismissal and the force and effect that should be given it. If upon such hearing the court should have found that the stipulation was procured by the defendant Richards through fraud practiced by him upon said plaintiffs, certainly it cannot be said that it had no authority to vacate or set aside the dismissal procured by means thereof. If, in fact, the dismissal was so obtained, we can see no reason why, when that fact became known to the plaintiffs, they could not promptly move to vacate and set it aside. Were an order of court necessary to render efficacious the dismissal, the court's power to vacate and set aside its own order cannot be gainsaid. It would be strange, indeed, if the right given the plaintiff, unaided by the court, to dismiss an action, should deprive the court of its power to inquire into the means by which the stipulation was obtained, and which it would have but for the statute."

In this case it appears that at the time the defendant offered plaintiff's motion to dismiss, the plaintiff objected to the filing of the motion, and we think under such circumstances the trial court would have been justified in refusing to permit the motion to be filed, as section 5126 of the statutes contemplates that the action is to be dismissed at the request of the plaintiff, and in a case where plaintiff's motion or stipulation had already been filed by defendant, the court would have authority to set aside or vacate the dismissal where the facts justified such action. Although in the instant case the

court permitted the motion to be filed, at the very time of the filing of the motion the plaintiff was objecting to a dismissal of the action, and therefore the filing of said motion did not operate to dismiss the action, and the trial court did not err in declining to give it that effect.

We come now to a consideration of the validity of the leases. The record discloses that Rogers Noah, the allottee, was not in possession of the land leased at the time of the execution of the leases to Mullen and Gibbs. The evidence shows that during the year 1909 the lands were in the possession of and under the control of another party. The Mullen lease was executed October 28, 1909, and was to begin June 1, 1910, and, whether it be construed as a four-year lease or a five-year lease, it is controlled by the decision of the Supreme Court of the United States in the case of United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844, wherein it was held that a Quapaw Indian under a similar statute could not execute a lease to begin in the future, as the statute only permitted leases in possession. Such, also, is the holding of this court in the case of Hudson v. Hildt, 51 Okla. 359, 151 Pac. 1063. See, also, case No. 6892, Brown et al. v. Howard Van Pelt, 64 Okla. 109, 166 Pac. 102.

It is true we held in the last-named case that a valid lease for agricultural purposes of a restricted Indian's surplus allotment could be made during the existence of a prior valid lease, provided it is made for a fair rental, near the termination of the existing lease, and that it does not extend the term more than five years from the date of the new lease, but in this case, as in that, it was not claimed that it was necessary to make the lease at such time "in order to regulate the course of cultivation that was to be pursued the subsequent year."

The Gladney lease, executed by the allottee to Gibbs and assigned to Gladney, is also void under the foregoing authorities.

We agree with the trial court that there was no actual fraud perpetrated by Mr. Mullen or his agents in the procurement of the lease from Rogers Noah, but from the conclusion we have reached this becomes immaterial.

The judgment of the trial court is affirmed.

All the Justices concur, except KANE, J., absent.