

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN



GROVER SELLERS

ATTORNEY GENERAL

Honorab_, Ernest Quinn
County Attorney, El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-5755
Re: Medical examinations
for the purpose of
issuing marriage
license.

Your letter of December 9, 1943, requesting the opinion
of this department on the questions stated therein reads, in
part, as follows:

"The County Clerk has requested me to give
an opinion as to the length of time a medical examin-
ation remains valid for the purpose of issuing a
marriage license, under Article 4604c of the re-
vised Civil Statutes.

"I find no cases or articles relating to this
question other than the one referred to, which speci-
fies no time. I find no other authority, but I do
find that you have written an opinion on another
phase of this, being opinion #3031, January 24, 1939.
The practice has been to fix a maximum limit of ten
days prior to the issuance of the marriage license.

"Would you also please advise me whether or
not medical certificates issued by Doctors outside
of the State of Texas are acceptable. Furthermore,
where medical certificates are signed by army Doctors,
who are at posts in the State of Texas, but not re-
gistered physicians in the State of Texas, are they
acceptable to the County Clerk? This is very im-
portant, since there are thousands of soldiers ap-
plying for marriage licenses and many of them bring
medical certificates issued by their army physicians.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTM---

Honorable arnest Guinn, page 2

"As a practical matter, we believe that certificates issued by army Doctors residing within the State should be acceptable, but a more serious question is presented when the certificate is issued by a Doctor some time prior to the application for a license, in some other State or even some other county.

"The question of certificates issued in some other country arises by virtue of persons seeking to obtain certificates for performance of proxy marriages. Of course, the Clerk is not interested in the question of proxy marriages but only in performing his duty in issuing licenses. The oath required to be taken swears that there is no legal objection to the performance of the marriage. Of course, if the proxy marriage is illegal, the oath could not be signed and the marriage license should not be issued. It is our own opinion that proxy marriages are not valid in this State. If the Attorney General deems it proper, and feels it is closely enough related to the duty of the Clerk in the issuance of licenses, I would appreciate his opinion on this question so that our Clerk may be guided accordingly."

Article 4604c, Vernon's Annotated Civil Statutes, reads as follows:

"Before the County Clerk shall issue any marriage license the man shall produce a certificate from a reputable licensed physician to show that he is free from all venereal diseases."

It will be noted that the foregoing statute prescribes no time that the certificate from a reputable licensed physician shall remain valid for the purpose of issuing a marriage license. Generally speaking, when a statute prescribes no time within which an act must be done, then the act should be done within a reasonable time.

What is a reasonable time within which an act must be done ordinarily means so much time as is necessary, under the circumstances, and what the duties require in the particular case. (See Words and Phrases, Perm. Ed., Vol. 6, page 376). Stated another

way, reasonable time is such promptitude as the situation of the parties and the circumstances of the case will allow. It never means an indulgence in unnecessary delay or in delay occasioned by vain and fruitless effort to do the act required. (See French v. Lewis, 218 Pa. 141, 11 L. R. A. 948, N. S.)

In answer to your first question, you are advised that it is our opinion that the certificate from a reputable and licensed physician remains valid for the purpose of issuing a marriage license under Article 4604c, supra, for a reasonable length of time after the physician has issued such certificate.

The physician making the certificate must, under the terms of the statute, be "reputable" and "licensed." In the absence of special legislative authority, Texas does not recognize the licensing and registering of physicians under the laws of another State. The only physicians permitted to practice medicine in this State without first obtaining a license and registering under the laws of this State are those physicians specifically exempt from such registration as provided by Article 4504, Vernon's Annotated Civil Statutes. Therefore, the physician referred to in Article 4604c, supra, could only mean a physician who is licensed in and who practices medicine in the State of Texas, or one who is specifically exempt from such license and registration under Article 4504, supra.

It is our opinion that certificates issued by physicians who are not licensed and practicing within the State of Texas are not acceptable under Article 4604c. In other words, before the certificate is acceptable to the County Clerk, such physician must be licensed in and one who practices medicine in the State of Texas, or one who is specifically exempt from such license and registration under Article 4504. In view of the foregoing, it is our opinion that Army doctors who are at a post in the State of Texas, but not registered physicians in the State of Texas, are authorized to issue certificates under Article 4604c.

In view of what has been heretofore said, we deem it unnecessary to express any opinion regarding proxy marriages. When the County Clerk is cognizant that the certificate has been issued by a reputable licensed physician who is registered and practicing medicine in this State, or by an Army doctor who is

at a post in this State, his inquiry is ended. Nowhere does the Legislature authorize, or require, the Clerk to go beyond the certificate itself. Accordingly, if the certificate be issued by a reputable licensed physician who is registered and licensed to practice medicine in this State, or by an Army doctor who is situated on a post in this State, and if it certifies that the applicant for such license is "free from all venereal diseases" and if the other statutory requirements be met, it is the duty of the Clerk to forthwith issue the license.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:EP

APPROVED DEC 23, 1943

*Gerald C. Mann*

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN