KENT et al. v. WRIGHT.

No. 32413. Nov. 19, 1946.

Rehearing Denied Jan. 7, 1947.

*175 P. 2d 802.*

Cecil R. Chamberlin and Robert M. Helton, both of Frederick, and James S. Twyford, Solon W. Smith, and William J. Crowe, all of Oklahoma City, for plaintiffs in error.

Myers & Snerley, of Chicago, Ill., and Miley, Hoffman, France & Johnson, and Charles E. France, all of Oklahoma City, for defendant in error.

HURST, V.C.J. This is an action to recover damages for conversion of 37 head of cattle. The case was tried on an agreed statement of facts. From a judgment for defendant, the plaintiffs have appealed.

The plaintiffs, Kent & Sargent, are partners doing business at Vernon, Tex., as Vernon Livestock Commission Company. The defendant, Ralph O. Wright, is engaged in business as Ralph O. Wright Commission Company at the Oklahoma City stockyards, and is a "market agency" as that term is defined in the Packers & Stockyards Act, 7 U.S.C.A. §201. Martin Kuykendall is engaged in the business of buying and selling cattle at Plainview, Tex.

On December 12, 1940, Kuykendall purchased the cattle in question from plaintiffs, who were in possession of the cattle on consignment for sale, and paid for them by a bank check. This check was returned to plaintiffs dishonored for insufficient funds on December 19, 1940, and was, by plaintiffs, redeposited for collection on December 23, 1940, and was again returned dishonored for insufficient funds. Kuykendall had previously done business with plaintiffs, and on December 13, 1940, a check previously given plaintiffs by Kuykendall was returned unpaid for insufficient funds.

On December 13, 1940, the cattle were consigned by Kuykendall to defendant Wright for sale in the usual course of business, and defendant sold them, and, on December 14, 1940, accounted to Kuykendall for the net proceeds. The defendant acted in good faith and without notice of any defect in Kuykendall's title, and the first notice he had that the plaintiffs claimed an interest in the cattle was by a letter written by plaintiffs to defendant on January 13, 1941.

The plaintiffs argue the case under but one proposition, stated by them as follows:

"A factor or commission merchant who is a 'Market Agency' under the Federal Packers' and Stockyards Act of 1921, 7 U.S.C.A. section 181, is not relieved of liability by reason of such act for selling property of his principal under the latter's instruction and paying the proceeds of the sale to the principal where the principal had no title to said property or the right to sell the same."

They rely upon Mason City Production Ass'n v. Sig Ellington Co., 205 Minn. 537, 286 N.W. 713, and cases following that case.

The defendant argues (1) that the rule plaintiffs contend for, and the decisions on which that rule is based, are unsound and contrary to settled principles of law, and that the correct rule is stated and followed in Blackwell v. Laird, 236 Mo. App. 1217, 163 S.W. 2d 91; (2) that since plaintiffs delivered

the cattle to Kuykendall with knowledge that he was in the business of dealing in, buying, and selling and shipping cattle, and that he was buying these cattle for resale, they must be presumed to have intended that title should pass to Kuykendall; and (3) that, assuming that the title of Kuykendall was defective, the defendant is entitled to the benefit of the rule that where one of two innocent persons must suffer through the wrongful act of a third person, the loss should fall upon the one who made it possible for the wrong to be committed.

The plaintiffs have filed no reply brief, answering the last two propositions urged by the defendant.

The court is of the opinion that the second proposition urged by the defendant is decisive of the case in his favor, and that it is not necessary to discuss the one proposition urged by the plaintiffs or the third proposition urged by the defendant.

The rule is that the question of whether title passes upon the sale and delivery of personal property is ordinarily one of fact for the trial court to determine, and depends upon the intention of the parties to be gathered from the facts and circumstances peculiar to each case. Oklahoma Producing & Refining Corp. v. Pennok Oil Co., 118 Okla. 170, 247 P. 667; 46 Am. Jur. 585; 55 C.J. 529-532.

When due consideration is given to the fact that the plaintiffs had been dealing with Kuykendall, whose business was known to be that of buying and selling cattle, that they knew that the cattle were to be dealt with as his own and were bought for resale and would be soon sold and put in the channels of commerce, that they did not restrict Kuykendall's right to deal with the cattle as his own, that the check previously given by Kuykendall was dishonored and returned unpaid on December 13th, and that they thereafter redeposited the check for these cattle, we are of the opinion that the court was justified in finding that the plaintiffs intended that title should pass to Kuykendall on December 12th. See Lehmann v. Peoples Furniture Co., 42 Okla. 761, 142 P. 986; Kemper Grain Co. v. Harbour, 89 Kan. 824, 133 P. 565, 47 L.R.A. (N.S.) 173; Parma v. First National Bank, Texas (Tex. Civ. App.) 37 S.W. 2d 274, 63 S.W. 2d 692 (Commission of Appeals); Wilson v. Buchenau, 43 Fed. Sup. 272; 46 Am. Jur. 613, 644. And, while the trial court did not announce the reason for his decision, we must presume that he made such finding, since error is not presumed. Shick v. Enid Clinic, 184 Okla. 484, 88 P. 2d 329.

In reaching this conclusion, we have given consideration to our decisions that when personal property is sold for cash and delivered, the vendor taking the vendee's check for the purchase price, which is dishonored on presentation, title to the goods does not ordinarily pass (First National Bank v. Griffin & Griffin, 31 Okla. 382, 120 P. 595; Mott v. Nelson, 96 Okla. 117, 220 P. 617), and to our decisions holding that mere possession of personal property is not sufficient to estop the real owner from asserting his title as against a person who has dealt with the one in possession on the faith of his apparent ownership. Yonkman v. Harvey, 133 Okla. 252, 271 P. 839; Shannon v. Nicoma Park Development Co., 176 Okla. 53, 54 P. 2d 143. The facts above stated distinguish the present case from the cited cases. In those cases the facts do not show a delivery by the vendors with knowledge that the vendees were purchasing the property for resale and would put the property in commerce and deal with third persons as though the property was their own as in the instant case.

Affirmed.

GIBSON, C.J. and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.