### JOHNSON et al. v. ROBINSON et al.
#### No. 14216.

United States Court of Appeals
Fifth Circuit.

April 2, 1953.

Selden Simpson, John R. Fullingim, and Simpson, Clayton & Fullingim, Amarillo, Tex., for appellants.

R. A. Stone, Amarillo, Tex., T. R. Wise, Sayre, Okl., Stone & Stone, Amarillo, Tex.,

Wise & Ivester, Sayre, Okl., for appellees W. A. Robinson and Vance Shields.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

Stating the facts in the light of the verdict of the jury, as to the intention of the parties, the appellees, on the 5th of October, 1950, sold and delivered to Johnny Johnson, in Oklahoma, 66 head of cattle for $13,800, payable when delivered. The transaction was intended by the parties as a cash sale, with the actual change of title being dependent on due payment of the draft for the purchase money when presented at the bank in Mobeetie, Texas, "rather than a sale without such reservation but instead passing title at once on receipt of the purchase draft and said delivery of the cattle." (The quotation is an extract from the special verdict of the jury.)

On the day of the sale, the purchaser transported said 66 head of cattle to Amarillo, Texas. There they were delivered to the appellants, a live-stock auction company, to be sold for the account of Johnny Johnson. The purchase-money draft in favor of the appellees was duly presented and payment refused. The cattle were sold by the appellants for $11,659.26, which they applied in part to an indebtedness of Johnny Johnson due themselves, which existed prior to October 5, 1950. The balance of the proceeds of said sale, amounting to $1804.49, was paid to Johnny Johnson. The judgment appealed from was for the amount of the net proceeds of said sale which the appellants had applied to the pre-existing debt of Johnson.

In substance, this is an action for money had and received. The appellants were not *bona fide* purchasers, and they did not become innocent parties by crediting part of the proceeds of the sale of appellees' cattle upon a pre-existing debt of the contemplated purchaser. Where one of two innocent parties must suffer from the wrongful act of a third person, the one whose conduct enabled the third party to do the wrong must suffer; but this principle has no application to the collection of an old debt due by the wrongdoer to one of the innocent parties.

We have noted no difference between Texas and Oklahoma with reference to the rule of law that controls this case, which is that where goods are sold for cash and delivered, and the vendor takes the vendee's check for the price, which on presentment in due time is dishonored, the title does not pass and the vendor may reclaim the property from the vendee or from any other person who does not have any better equitable claim to it than the vendee. United States v. Donahue Brothers, Inc., 8 Cir., 59 F.2d 1019; De Vries v. Sig Ellingson & Co., D.C., 100 F.Supp. 781; Seymour v. Austin, D.C., 101 F.Supp. 915; Davis v. Panhandle Nat. Bank, Tex. Civ.App., 29 S.W. 926; Continental Bank & Trust Co. v. Hartman, Tex.Civ.App., 129 S.W. 179; Menke v. First Nat. Bank of Amarillo, Tex.Civ.App., 206 S.W. 693; First Nat. Bank of Greenville v. First State Bank of Campbell, Tex.Civ.App., 252 S.W. 1089; Denny v. White House Lumber Co., Tex.Com.App., 54 S.W.2d 86; Charles M. Stieff, Inc., v. City of San Antonio, 130 Tex. 594, 111 S.W.2d 1086; Seigal v. Warrick, Tex.Civ.App., 214 S.W.2d 883; Wails v. Farrington, 27 Okl. 754, 116 P. 428, 35 L. R.A.,N.S., 1174; Shannon v. Nicoma Park Development Co., 176 Okl. 53, 54 P.2d 143; Riley v. State, 64 Okl. 183, 78 P.2d 712; Kent v. Wright, 198 Okl. 103, 175 P.2d 802; The Packers & Stockyards Act, 7 U.S.C.A. § 213; Art. 1286 of Revised Statutes of Texas; 10 R.C.L., p. 777; 37 Tex.Jur. 468, "Sales," Sec. 210; 37 Tex.Jur. 480, "Sales," Sec. 217; 37 Tex.Jur. 502 at 504, 505, "Sales," Sec. 229; 37 Tex.Jur. 657, "Sales," Sec. 301; 46 Am.Jur., page 613, "Sales," Sec. 447; Title 9, Code of Federal Regulations, Secs. 201.40, 201.41, 201.43.

The appellees are not estopped to maintain this action because, in crediting said proceeds to the pre-existing indebtedness of Johnny Johnson, appellants' position was in no way altered to their prejudice. They have not been hurt by the judgment, requiring them to account to the appellees for the proceeds of the sale of the cattle still in their hands, because Johnny

Johnson owed them over $42,000 before the transaction involved in the present controversy occurred. Not being *bona fide* purchasers for value, their former status as creditors of Johnny Johnson was not destroyed or adversely affected by the delivery of the drafts to Johnny Johnson, the book entries upon his account, or the result of this litigation.

We find no reversible error in the record, and the judgment appealed from seems to us to be entirely correct. Consequently, it should be affirmed, and it is so ordered.

Affirmed.