Jack LAMOYNE, Appellant,

v.

Joe E. PARKS et al., Appellees.

No. 3387.

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1956.

Rehearing Denied Dec. 6, 1956.

Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Johannes & Kelsoe, Dallas, for appellees.

TIREY, Justice.

Appellant brought this suit to rescind a contract of sale and set aside a conveyance from appellees to him. He grounded his cause of action on mutual mistake and fraudulent representations. It appears to be undisputed that at the time the sale was made (March 1953) the grantors and grantee believed that the property could be used for apartment purposes, but after the sale was consummated it was discovered that apartment use of the property was in violation of the zoning ordinance of the City of Dallas. After appellant acquired the property the City of Dallas notified him to desist in the usage of the property for apartment purposes and he appealed to the Board of Adjustment. This appeal was denied and thereafter plaintiff brought this suit. At the conclusion of the evidence the court overruled all motions for instructed verdict and the jury in its verdict found substantially that (1) all parties in March 1953 believed that the property could be used for apartment purposes; (2) that

appellant would not have purchased such property except for the belief that it could be used for apartment purposes; (3) that Frank Kunkle was not appellees' agent for the sale of the property to the appellant; (10 and 11) that the fair market value of the property in March 1953, if it could be used for apartment purposes, was $24,500 and that the fair market price of the property in March 1953, if it could not be used for apartment purposes was $18,500; (12) "Do you find from a preponderance of the evidence that Jack LaMoyne failed to investigate the zoning of the property here in question before he purchased it? Answer 'He did investigate' or 'He did not investigate'" and the jury answered "He did not"; (13) and that appellant's failure to investigate zoning of the property was negligence, and (14) that such negligence was a proximate cause of his loss; (15) that appellant, by offering the property for sale after July 14, 1954, waived his right to rescind the sale; (16) and that appellant, by accepting the rental after July 14, 1954, waived his right to rescind the sale; (17) that plaintiff, by filing appeal to the Board of Adjustment, waived his right to rescind the sale; (18) that appellant failed to notify appellees that he intended to seek rescission of the sale within a reasonable time after July 14, 1954; (19) that such failure to notify was a waiver of his right to rescind the sale.

The court overruled appellant's motion for judgment on the verdict as well as his motion for judgment non obstante veredicto and granted appellees' motion and in the decree we find this recital: "* * * based upon said findings of the jury, the undisputed facts and the law applicable thereto, the court is of the opinion that appellant is entitled to the following judgment * * *" and decreed that plaintiff take nothing by his suit against appellees.

Appellant's first and ninth points are substantially: The court erred in overruling appellant's motion for judgment non obstante veredicto because under the undisputed evidence and jury award the transaction complained of was entered into because of the mutual mistake of plaintiff and defendants, and there was no evidence in the record that the plaintiff had waived his right to rescind the contract and set aside the conveyance because of mutual mistake, and that there was no evidence that plaintiff had waived his right to rescind or that he waived such right after the discovery of mutual mistake. We are not in accord with these views for reasons which we shall hereafter briefly state.

It is admitted by appellant and his duly authorized agent, Mrs. Ellison, that they discovered the mistake concerning the zoning of the property in July 1954. Evidence was tendered to the effect that on June 13, 1954, appellant, acting through his counsel, filed an appeal to the Board of Adjustment. This appeal, among other things, recited "that application has been made for a permit to continue to use and occupy as a residence a dwelling that is existing on the rear portion of the lot. Requesting under grounds of hardship and that it is a non-conforming use. The permit was denied by the Building Inspector and appeal is now made to the Honorable Board of Adjustment, in accordance with the provisions of the Zoning Ordinance, to grant the heretofore requested permit for the following reasons: The buildings in question have been rented for many years and were so rented at the time applicant purchased the property. The property was purchased because the seller represented that the buildings could be rented and that the same was good income property. The property, because of its size, is not suitable for single family use and to require applicant to discontinue the renting of the building would subject him to an extreme hardship."

It appears that the City of Dallas advised appellant by letter dated July 14, 1954 that the property was not zoned for apartment purposes and that appellant was to cease using the property for apartment purposes;

that after receiving such notice appellant's agent, Mrs. Ellison, sought the legal advice of his counsel of record in this cause; that counsel advised her of appellant's rights as to rescission and damages against appellees; that after the appellant knew of his rights he offered the property for sale, accepted the rentals and applied them to his own use; that thereafter he took up the question of zoning with the city authorities and filed appeals to the Board of Adjustment and, in so doing, appellant alleged he was the owner of the property. As we understand appellant's brief it is his contention that the foregoing acts and conduct on his part did not constitute any evidence of waiver, and in his brief says:

"Prior to September 26, 1955, the appellant did not know of the mutual mistake but had been relying up to that time solely upon his allegations that Frank Kunkle, an agent for appellees, had made false representations which induced him to enter into the contract. Up to September, 1955, the only basis for seeking rescission on the part of the appellant was because of the alleged misrepresentations made by this agent of appellees. All of the jury's answers with respect to waiver are related to the date of July 14, 1954, and at that time appellant knew of no basis for rescission or cancellation of the contract except upon the misrepresentations made to him by Kunkle."

We think that since appellant knew in July of 1954 that the property was not zoned for apartment purposes, which is the material and controlling question in this cause, that his acts and conduct following such knowledge bring him within the following rule:

"* * * if a person who is induced by fraud to enter into a contract continues to receive benefits under the contract after he becomes aware of the fraud, or if he otherwise conducts himself in such manner as to recognize the contract as subsisting and binding, he thereby affirms the contract and waives his right of rescission. An express ratification is not necessary; any act based upon a recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it has the effect of waiving the right of rescission." (Citing a long list of cases) See Rosenbaum v. Texas Building & Mortgage Co., 140 Tex. 325, 167 S.W.2d 506, 508, point 2 (Com. App. opinion adopted.)

See also Waggoner v. Zundelowitz, Tex. Com.App., 231 S.W. 721 and authorities there cited. See also Culbertson v. Blanchard, 79 Tex. 486, 15 S.W. 700; Fox v. Miller, Tex.Civ.App., 198 S.W.2d 776 (nre); Keihn v. Willmann, Tex.Civ.App., 218 S.W. 15 (writ ref.).

■ As a reviewing court it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3–B Tex.Jur. pp. 370 and 372. Moreover, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" (Citing cases) See Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 514, points 8 and 9, writ ref. Moreover, "'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The

jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable." ' " See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, point 6. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellant court is bound by such findings. See Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, point 3 (no writ history) and cases there collated.

 Going back to the undisputed factual situation here before us, we think the evidence tendered the question of waiver. There is an absence of testimony as to any demand being made by appellant or his attorney on the appellees to rescind the trade until the date appellant filed his original petition for rescission. The original petition is not included in the transcript and by reason thereof we do not know the exact date it was filed. Appellant went to trial on his second amended original petition and it was filed October 27, 1955, and as we understand appellant's brief, he did not know prior to September 26, 1955 that the property had been conveyed by appellees without any actual knowledge of the provisions of the zoning ordinance, or that the property could not be used for apartment purposes. Mrs. Ellison further testified to the effect that she received the notice from the City on July 14, 1954; that she discussed it at home for a few days before she called on Mr. Nichols, attorney for appellant. We do not find in the record where Mrs. Ellison ever made any demand upon the appellees for a rescission of the contract, or complained to appellees that the property could not be used for apartment purposes, nor that appellant had been misled in so purchasing it. The jury saw and heard the witnesses and had the right to decide the question of waiver under all the facts and surrounding circumstances, and under the record here made it is our view that we cannot say as a matter of law that

there is no testimony to support the jury's finding on waiver.

Because of the views here expressed, we think the court did not err in overruling appellant's request for instructed verdict, nor his motion for judgment non obstante veredicto, nor his motion for judgment on the verdict of the jury.

We have considered each of the other points raised by appellant and are of the view that they do not present reversible error and each is overruled.

Accordingly, the judgment of the trial court is in all things affirmed.

HALE, J., took no part in the consideration and disposition of this case.