Lee LEWIS, Appellant,

v.

F. W. MILLER, Appellee.

No. 13605.

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1960.

D. Richard Voges, Floresville, for appellant.

J. Taylor Brite, Jourdanton, for appellee.

BARROW, Justice.

This suit was brought in the District Court of Wilson County by F. W. Miller, as plaintiff, against Lee Lewis, defendant, for damages for wrongful conversion of certain personal property. The case was tried to a jury and upon the verdict judgment was rendered for the sum of $800.00 in favor of plaintiff and against defendant. The parties will be designated plaintiff and defendant, respectively, as they were in the trial court.

The defendant predicates this appeal upon two main contentions: (1) That the court erred in admitting the testimony of the plaintiff, Miller, as to the reasonable market value of the property. (2) That there is no evidence to support the jury's answer to Special Issue No. 2, that the reasonable market value of the property at the time and place of conversion was $800.00.

 The record discloses that defendant sold plaintiff his dairy, consisting of forty-six cows and two bulls, together with milking machines and equipment, and also one tractor and equipment, for the sum of $12,660.00. Following the sale, the property was turned over to plaintiff, with the exception of the tractor and equipment, which defendant removed from the premises when he moved on January 14, 1959. The defendant contended in the trial court that the tractor and equipment was not included in the sale. The jury, however, found that it was included in the sale. Plaintiff testified that he had worked with Ford tractors and had used this particular tractor; that he had worked for and with his brother-in-law, Ryan Adams, a Ford tractor dealer; that he had heard Mr. Adams discuss the market value of tractors and had heard him discuss deals with other persons; that he knew the market value of the property involved, and that on January 14, 1959, it had a reasonable market value of about $800.00. Defendant objected to plaintiff's testimony on the ground that no proper predicate had been laid therefor and that the witness was not shown to be qualified. We perceive no error in admitting the testimony over the objection made. The admissibility of such testimony rests largely in the discretion of the trial judge. Premier Petroleum Co. v. Box, Tex.Civ.App., 255 S.W.2d 298. The law does not require that a witness point out or testify to any specific sale in order to show market value, for if it is shown that through general discussion with others interested in the sale of such property the witness has become generally advised, he is competent. Humphrey v. Stidham, Tex.Civ.App., 124 S.W.2d 921. Defendant's first contention is overruled.

By his second contention, defendant argues that inasmuch as plaintiff was the only witness who testified as to the market value of the property, and in so doing did not confine his estimate of the value to the place of conversion, there is no evidence to support the jury's finding of the market value at the time and place of conversion, and particularly at the place of conversion. We overrule that contention.

██ The rule is settled that in passing on a no evidence question the Court of Civil Appeals will consider the evidence before it and all reasonable inferences and deductions that may properly be drawn therefrom, in the light most favorable to sustain the verdict and judgment under review, and when thus considered, if there is any competent evidence of probative force tending to support the verdict and judgment, such finding is binding on the Court of Civil Appeals and will not be disturbed. Marshall v. Story, Tex.Civ. App., 312 S.W.2d 597; Fenberg v. Fenberg, Tex.Civ.App., 307 S.W.2d 139; City of Amarillo v. Attebury, Tex.Civ.App., 303 S.W.2d 804; Lamoyne v. Parks, Tex.Civ. App., 295 S.W.2d 917; Simpson v. McCain, Tex.Civ.App., 295 S.W.2d 258; Williams v. Roney, Tex.Civ.App., 275 S.W.2d 537.

██ There is in evidence an instrument prepared by the defendant, in his own handwriting, in which he placed the valuation of the property in question at the sum of $800.00. This instrument was prepared by the defendant as an inducement to the Farmers Home Administration to induce it to make a loan to plaintiff with which to buy the property from defendant. The evidence shows that the property was located at the same place and in the same condition when the statement was made as it was when the conversion took place. This statement by the defendant, being in the

nature of an admission or declaration against interest, is evidence of probative force which supports the jury's finding.

No error appearing in the record, the judgment is affirmed.